PARDAVCO, INC., demandante y recurrida, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrente; BECKMAN INSTRUMENTS, INC. y SOIL ELECTRONICS MFG. CORP. (SEMCOR), demandantes y recurridas, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrente.

*Números:* R-73-239, R-73-240     *Resueltos:* 17 de septiembre de 1975

*Miriam Naveira de Rodón, Procuradora General, Américo Serra* y *Justo Gorbea Varona, Procuradores Generales Auxiliares,* abogados del recurrente; *Brown, Newsom & Córdova,* abogados de PARDAVCO, Inc.; *Goldman, Antonetti, Barreto, Curbelo & Dávila,* abogados de Beckman Instruments, Inc. y Soil Electronics Mfg. Corporation; *McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz Suria* y *Aurelio Torres Ponsa,* abogados del *amicus curiae.*

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

La controversia común en los recursos de epígrafe plantea la siguiente interrogante en derecho contributivo. ¿Eran tributables hasta el 23 de junio de 1966 los intereses recibidos por una corporación extranjera que hacía negocios en nuestra isla provenientes de depósitos existentes en bancos extranjeros en Puerto Rico?

La ilustrada sala sentenciadora en una extensa, elaborada y documentada opinión concluyó en la negativa. Al así hacerlo cometió error que amerita la revocación y desestimación de las acciones interpuestas por las contribuyentes recurridas.

Examinemos los hechos. Las entidades recurridas, PARDAVCO, Inc., Beckman Instruments, Inc. y Soil Electronics Mfg. Corp. (SEMCOR), son corporaciones extranjeras que en los años más adelante referidos realizaron negocios en

Puerto Rico. La primera, PARDAVCO, Inc., para el año 1962 figuró y pagó en su planilla de contribución sobre ingresos la suma de $15,312.44 recibidos del National City Bank en concepto de intereses, sin embargo para los años 1965 y 1966 no pagó contribución sobre unas cantidades sustanciales que recibió en calidad de intereses de las siguientes instituciones bancarias: The Bank of Nova Scotia; The Royal Bank of Canada; y The First National City Bank.

Beckman Instruments, Inc., declaró y pagó en sus planillas correspondientes a los años 1961, 1962, 1963 y 1964 intereses por la suma total de $8,150.32 recibidos del Chase Manhattan Bank; y para el año 1965 no radicó planilla por lo cual el recurrente, Secretario de Hacienda, le preparó una planilla de oficio imputándole la cantidad de $21,436.77 de intereses recibidos de bancos extranjeros y una contribución de $4,501.93.

La entidad SEMCOR no rindió planilla para el año 1965 por lo cual el Secretario de Hacienda la preparó de oficio, y como consecuencia, le impuso una deficiencia sobre intereses recibidos de bancos extranjeros.

En un hecho estipulado que los bancos previamente mencionados que satisficieron los intereses a las recurridas son corporaciones extranjeras dedicadas al negocio bancario en Puerto Rico y durante los años en controversia devengaron menos del veinte (20) por ciento de sus respectivos ingresos brutos de fuentes dentro de Puerto Rico por el período de tres (3) años terminados con el cierre de los años contributivos precedentes a los pagos de tales intereses.

Las sentencias del Tribunal Superior, Sala de San Juan, están basadas en un análisis del historial legislativo y los antecedentes de la legislación federal de la que se adoptó nuestra Ley de Contribuciones de 1954.[1] En lo pertinente

---

[1] Véase la exposición o explicación del Reglamento de la Ley de Contribuciones sobre Ingresos promulgado por el Secretario de Hacienda, 13 R.&R.P.R. sec. 3000–1.

dichas sentencias concluyen lo siguiente:

A) De acuerdo a lo dispuesto en la Sección 119(a)(1)B de la Ley de Contribuciones sobre Ingresos de 1954 (13 L.P.R.A. sec. 3119(a)(1)), antes de ser enmendada en 23 de junio de 1966, los intereses recibidos por las corporaciones recurridas de los bancos extranjeros durante los años contributivos en controversia hasta el 23 de junio de 1966, no se consideraban como ingresos de fuentes dentro de Puerto Rico ya que fueron pagados por corporaciones extranjeras cuyos ingresos brutos derivados de fuentes de Puerto Rico en cada caso fueron menores del 20% de los ingresos brutos totales por el período de tres años a la fecha del pago de dichos intereses a la recurrida como corporación extranjera haciendo negocios en Puerto Rico; y

B) La enmienda a la mencionada sección efectuada en virtud de la Ley Núm. 112 de 23 de junio de 1966—en vigor desde dicha fecha—hizo tributables dichos intereses y constituyó una enmienda con efecto prospectivo.

Tanto en primera instancia como ante nos, todas las partes descansan y argumentan básicamente sus respectivas posiciones, del análisis que hacen de la disposición de la ley federal antecesora que sirvió de base a la nuestra, a saber la Sec. 119(a)(1)(b) del Código de Rentas Internas Federal de 1939 y su precursora, la Sec. 217 del Código de Rentas Internas Federal correspondiente al año 1921.

No podemos circunscribir nuestro análisis a dicho proceso de hermenéutica judicial para determinar el esclarecimiento de la "intención legislativa" de la disposición de ley que nos ocupa. No obstante, las amplias expresiones de los distintos Comités Congresionales y comentaristas sobre la materia, apoyan nuestra ulterior conclusión. ([2])

---

([2]) Véanse: Vol. 8 Seidman, *Legislative History of Federal Income Tax Laws*, págs. 843 *et seq.;* Report—Ways and Means Committee (67th Cong., 1st Sess., H. Rpt. 350); Report—Senate Finance Committee (6th Cong., 1st Sess., S. Rept. 275); World Tax Series, *Taxation in the United States*, págs. 986–987 (1963); 26 *Institute of Federal Taxation*, págs. 438—439 (1968); 8 Mertens, *Law of Federal Income Taxation*, págs. 110 *et seq.;* Roberts & Warren, *U.S. Income Taxation of Foreign Corporations and Nonresident Aliens*, sec. V1-3A.

Estimamos necesario examinar y decidir la cuestión con arreglo a las normas de interpretación judicial referentes al sentido literal, espiritual e integral de una ley. Veamos.

La disposición legal que nos ocupa, referente al ingreso por concepto de intereses que están excluidos de tributación por no constituir ingresos de fuentes en Puerto Rico, para los años contributivos en controversia disponía:

"(a) Ingreso Bruto de Fuentes en Puerto Rico.—Las siguientes partidas de ingreso bruto serán consideradas como ingreso de fuentes dentro de Puerto Rico:

(1) Intereses.—Intereses sobre bonos, pagarés u otras obligaciones que devenguen intereses, de personas residentes, naturales o jurídicas, *sin incluir*—

(A) intereses sobre depósitos con personas dedicadas al negocio bancario, pagados a personas no dedicadas a negocios en Puerto Rico, o

(B) intereses recibidos de un individuo residente, de una corporación o de una sociedad extranjera dedicadas a industria o negocio en Puerto Rico, o de una corporación o de una sociedad doméstica, cuando se demuestre a satisfacción del Secretario que menos del 20 por ciento del ingreso bruto de dicho individuo residente, corporación o sociedad extranjeras dedicadas a industria o negocios en Puerto Rico o corporación o sociedad doméstica ha sido derivado de fuentes dentro de Puerto Rico, según se determina bajo las disposiciones de esta sección, para el período de 3 años terminado con el cierre del año contributivo del pagador que preceda al pago de dichos intereses, o por aquella parte de dicho período que sea aplicable, o

(C) ingreso derivado por un banco central extranjero de emisión, de aceptaciones bancarias." (13 L.P.R.A. sec. 3119(a)(1); énfasis suplido.)

En su sentido literal, espiritual y lógico, la lectura total de esta disposición pone de manifiesto varias consideraciones, a saber:

I—El inciso (a)(1) establece la regla general de que constituye ingreso derivado de fuentes en Puerto Rico, atribuible al ingreso bruto, los intereses recibidos por bonos,

pagarés u otras obligaciones de personas residentes sean naturales o jurídicas. De rigor es notar que esta regla general no cualifica en modo alguno la naturaleza de las obligaciones que devenguen intereses, por lo cual están comprendidas todas, incluyendo las que emanan de obligaciones bancarias. Esta regla general está en consonancia con la definición de "ingreso bruto" y el principio rector que recoge nuestra ley de contribuciones sobre ingresos en el sentido que de ordinario, todos los intereses se consideran ingreso y por lo tanto tributables. 13 L.P.R.A. sec. 3022(a); *Flax* v. *Tesorero*, 76 D.P.R. 390 (1954).

II—El apartado (A), expresamente y sin limitación alguna excluye de tributación los intereses provenientes del negocio bancario pagados a personas no dedicadas a negocios en la isla. Esta excepción a la regla general expuesta es obviamente con el propósito de atraer la inversión de capital extranjero a la industria bancaria. Por ello se excluyen aquellos intereses pagados por un banco—sea local o extranjero— a personas que no se dedican a negocios en Puerto Rico.

Específicamente, el apartado (A) sólo excluye intereses que surjan sobre depósitos del negocio bancario. Es razonable concluir que intereses devengados en orden a otras obligaciones, aun siendo el receptor una persona que no hace negocios localmente, se consideran devengados y formando parte del ingreso bruto en Puerto Rico.

Es interesante además notar, que el apartado (A) hace referencia específica al concepto *"negocio bancario"*, actividad que conforme a nuestra Ley de Bancos tiene una connotación jurídica precisa e inequívoca, revestida de interés público y sujeta a la intervención y control gubernamental. (7 L.P.R.A. secs. 1 y 2.)

III—Del lenguaje del apartado (B) que motiva la presente controversia, se desprende que toda persona, natural o jurídica dedicada o no a negocios en Puerto Rico puede excluir de su ingreso bruto los intereses recibidos ". . . *de* un individuo

residente, de una corporación o de una sociedad extranjera dedicada a industria o negocio en Puerto Rico, o de una corporación o de una sociedad doméstica . . ." si concurren las circunstancias contenidas en la fórmula de veinte (20) por ciento y tres años allí expresada. El texto de dicho apartado (B) no hace mención ni referencia a "negocio bancario", cuyo negocio ya ha sido cubierto en el apartado (A).

Forzoso es concluir que existe una clara diferencia entre el tratamiento que la ley da respecto a intereses provenientes del negocio bancario y aquellos originados por otras obligaciones. Para la persona que *no hace* negocios en Puerto Rico pero que deposita capital en bancos aquí establecidos, se le brinda el máximo incentivo al considerar que los intereses sobre depósitos bancarios no constituyen ingreso de fuente local irrespectivamente de que más del veinte por ciento del ingreso bruto del banco pagador sea derivado de fuentes locales. Apartado (A), *supra.* Pero, para el residente o extranjero que *hace* negocios, sólo se le otorga exención en cuanto a otros tipos de intereses recibidos sin incluir los relacionados con la industria bancaria en el país, sea nativa o extranjera. Apartado (B), *supra.*

▮ Una solución distinta implicaría interpretar el estatuto como una medida discriminatoria contra los bancos puertorriqueños a favor de los extranjeros, lo cual nos llevaría a un resultado absurdo. No podemos atribuir a la Asamblea Legislativa tal *brutum fulmen.* Es regla dorada de hermenéutica judicial, que las disposiciones de una ley deben ser examinadas e interpretadas de modo que no conduzcan a resultados absurdos, sino a unos armoniosos.

Orientador y corroborativo de lo antes expuesto resultan las disposiciones de la Ley de Contribuciones sobre Ingresos que regulan la imposición de la contribución que deberán satisfacer tanto los individuos extranjeros no residentes y las corporaciones y sociedades extranjeras no dedicadas a nego-

cios en Puerto Rico que están vigentes desde el año 1954. Sobre el particular, la Sec. 231 de la Ley ([3]) señala: "Se impondrá, cobrará y pagará para cada año contributivo . . . contribución . . ., sobre el monto recibido por toda corporación o sociedad extranjera *no* dedicadas a industria o negocio en Puerto Rico, procedente de fuentes dentro de Puerto Rico, por concepto de intereses (excepto intereses sobre depósitos con personas dedicadas al negocio bancario . . . ), . . . una contribución del 29 por ciento de dicho monto." (Énfasis nuestro.)

Nuevamente notamos el trato preferente que la ley confiere al extranjero que *no* se dedica a negocios en la isla, destacándose la referencia del Legislador al concepto de intereses provenientes del "negocio bancario" y su exclusión del pago de contribuciones.

Aun cuando no hubo prueba sobre la práctica administrativa existente antes de la enmienda a la disposición que nos ocupa en virtud de la Ley Núm. 112 del 23 de junio de 1966, la conducta observada por las recurridas al pagar la contribución sobre intereses durante los años 1961, 1962, 1963 y 1964 tiende a demostrar que éstas no tenían duda sobre la tributabilidad de los intereses provenientes de depósitos bancarios. Es para los años 1965 y 1966 que optaron por intentar deducir dichos intereses bancarios de sus ingresos. Entendemos por tanto que la práctica aceptada era pagar contribuciones sobre intereses bancarios. El historial legislativo de la enmienda corrobora y deja definitivamente aclarada dicha práctica y la razón de dicha enmienda. A tal efecto, el informe de la Comisión de Hacienda de la Cámara expresa:

"El P. de la C. 556 tiene el propósito de enmendar la Ley de Contribuciones sobre Ingresos de 1954, según enmendada, *a fin de dejar aclarado* el lenguaje del inciso (B) del párrafo (1) del apartado (a) de la Sección 119 de dicha ley.

---

([3]) 13 L.P.R.A. secs. 3211 y 3231.

*Dicho lenguaje ha sido interpretado en forma errónea y contraria a la intención de la Asamblea Legislativa cuando se aprobó dicha disposición legal* . . . .

Vuestra Comisión entiende que la intención legislativa, al aprobarse originalmente el inciso (B), fue clara en el sentido de que sus disposiciones no eran aplicables a personas dedicadas al negocio bancario. No obstante, y toda vez que se ha llegado a la conclusión equivocada de que el mencionado inciso (B) se aplica a bancos, resulta conveniente dejar definitivamente aclarada la situación. Este resultado se logra en el proyecto objeto de este informe, excluyendo expresamente a las personas dedicadas al negocio bancario de la aplicación de las disposiciones de dicho inciso (B)." 20 *Diario de Sesiones,* Parte IV, pág. 1519. (Énfasis suplido.)

Las expresiones individuales del legislador autor del proyecto[4] Representante Sr. Sigfredo Vélez, en el sentido de eliminar la retroactividad de un año que contemplaba la versión original, y que la ilustrada sala sentenciadora usó como razonamiento para concluir contrario a nuestro razonamiento, no desvirtúan el propósito esclarecedor legislativo de esta medida que está contenido en la cita previamente transcrita. Aun cuando a dicha enmienda se le confirió vigencia desde la fecha de su aprobación, la interpretación literal, lógica y espiritual de la ley *antes* de la enmienda, resultaba jurídicamente suficiente para derrotar la contención de las contribuyentes.

Por los fundamentos expuestos, y en consideración a la doctrina relativa a que toda disposición estatutaria sobre deducción o exención contributiva es una gracia legislativa que debe ser interpretada estrictamente en contra de aquel que alegue tener derecho a una u otra, [5] resolvemos que bajo

---

[4] *Diario de Sesiones,* Vol. 20, Pte. IV, pág. 2014.

[5] Véanse: *West India Mach.* v. *Srio. de Hacienda,* 89 D.P.R. 115, 125 (1963); *Central Igualdad, Inc.* v. *Srio. de Hacienda,* 83 D.P.R. 45, 50 (1961); *Clínica Juliá* v. *Sec. de Hacienda,* 76 D.P.R. 509, 523 (1954); *Descartes* v. *Tribunal de Contribuciones y Ortiz,* 73 D.P.R. 491, 497 (1952); y *Buscaglia* v. *Tribl. de Contribuciones,* 67 D.P.R. 585, 589 (1947).

la Ley de Contribuciones sobre Ingresos de 1954 ([6]) —excepto en cuanto sus disposiciones de ley los excluyeran expresamente —los intereses provenientes de depósitos en el negocio bancario local o en bancos extranjeros haciendo negocios en Puerto Rico constituían y constituyen ingresos derivados de fuentes dentro de Puerto Rico, computables en el ingreso bruto y por ende tributables.

*Se dictará Sentencia revocándose los dictámenes del Tribunal Superior, Sala de San Juan, en los casos de epígrafe.*

El Juez Asociado Señor Díaz Cruz concurre en el resultado.