CARMEN G. SÁNCHEZ MILLET ET AL., demandantes y peticionarios, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO ET AL., demandados y recurridos.

*Número:* CE-86-262      *Resuelto:* 23 de diciembre de 1986

*Gabriel I. Peñagarícano,* abogado de la parte peticionaria; *Rafael Ortiz Carrión, Procurador General, Luisa A. Inclán Bird, Procuradora General Auxiliar,* abogados de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

La parte peticionaria radicó demanda de daños y perjuicios ante el Tribunal Superior de Puerto Rico, Sala de San Juan, contra el Estado Libre Asociado de Puerto Rico, la Administración de Servicios Médicos de Puerto Rico, la Universidad de Puerto Rico y otros codemandados denominados con nombres ficticios([1]) alegando, en síntesis y en lo pertinente,

---

([1]) Se expresa, en el párrafo Núm. 5 de la demanda radicada, lo siguiente:

"Fulanos de Tal del 1 al 10 se denominan así por desconocerse los nombres de las personas que intervinieron con la codemandante Lourdes M.

negligencia médica en el cuido y tratamiento de una joven mujer que se encontraba recluida en el Hospital de Psiquiatría del Centro Médico de Río Piedras, Puerto Rico, hechos negligentes supuestamente acaecidos en el mes de noviembre de 1985.

La codemandada Universidad de Puerto Rico radicó moción de desestimación, predicada la misma en que la demanda no había sido juramentada y en que la Administración del Fondo de Compensación al Paciente no había sido incluida como parte demandada, todo ello según lo requiere el Art. 41.100 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 4110. Oportunamente, la peticionaria se opuso a la desestimación solicitada; subsanó la omisión en que había incurrido respecto a la falta de juramentación de la demanda; en cuanto a la alegación de parte indispensable, adujo que la Administración del Fondo de Compensación al Paciente no tenía que ser incluida como parte demandada por cuanto la misma no responde por las reclamaciones contra el Estado. Acompañó, por último, una certificación expedida por la referida Administración en la que se hace constar que ninguno de los codemandados mencionados en la demanda radicada tenía "póliza de responsabilidad a su favor con esta Administración ya que según el Artículo 41.060 (1) de la Ley 55 del 18 de julio de 1978 las instituciones para el cuidado de salud que pertenezcan al Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios están exentas de hacer su aportación a esta Administración".

El foro de instancia, no obstante los fundamentos antes expresados, acogió favorablemente la solicitud de desestima-

---

Arroyo Sánchez y que pueden ser legalmente responsables independientemente de la responsabilidad vicaria de aquellas entidades o personas en beneficio de quienes desempeñan sus labores. Igualmente se denominan ficticiamente aquellas personas que intervinieron con la mencionada codemandante y que no tienen relación contractual alguna con las entidades ya señaladas en la demanda."

ción expresando, mediante orden de fecha 24 de marzo de 1986, que en "todo caso de impericia profesional médica es requisito incluir a la Administración del Fondo de Compensación al Paciente, aunque posteriormente sea excluido por el Tribunal".

Habiendo recurrido la parte demandante-ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari*, por resolución de fecha 22 de mayo de 1986 le concedimos término a todos los codemandados para "mostrar causa por la cual este Tribunal no deba expedir el auto de *certiorari* radicado y dictar sentencia revocatoria de la orden recurrida emitida en el presente caso por el Tribunal Superior de Puerto Rico, Sala de San Juan, por razón de que no es parte indispensable en este caso la Administración del Fondo de Compensación al Paciente". Únicamente ha comparecido el Procurador General de Puerto Rico en representación del codemandado Estado Libre Asociado de Puerto Rico. Resolvemos.

## I

■ Como es sabido, la Administración del Fondo de Compensación al Paciente advino a la luz pública en virtud de la aprobación por nuestra Asamblea Legislativa de la Ley Núm. 74 de 30 de mayo de 1976, conocida como la Ley de Responsabilidad Profesional Médico-Hospitalaria, 26 L.P.R.A. sec. 4101 *et seq.* Su propósito es "proveer una cubierta de responsabilidad profesional médico-hospitalaria" que cubra aquella porción de cada reclamación de daños por culpa o negligencia médica en el cuido y tratamiento de pacientes en Puerto Rico que exceda los límites de responsabilidad financiera requerida a los profesionales e instituciones dedicadas al cuidado de la salud. 26 L.P.R.A. sec. 4105 (1) (a).

Conforme las disposiciones del Art. 41.060 de la referida ley, 26 L.P.R.A. sec. 4106, "cada profesional en el cuidado de la salud e institución para el cuidado de la salud que preste

activamente servicios en Puerto Rico vendrá obligado a pagar a la Administración la aportación establecida por ésta para la cubierta provista en la sec. 4105(1) (a) de este título".

La citada Sec. 4106, sin embargo, *exime expresamente del pago de la referida aportación* a (1) los profesionales en el cuidado de la salud que no ejercen privadamente su profesión y trabajan exclusivamente como empleados de instituciones privadas para el cuidado de salud y estuvieren cubiertos por la aportación de éstas a la Administración, (2) los profesionales que exclusivamente trabajan para el Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios y que no ejercen privadamente su profesión, y (3) *aquellas instituciones para el cuidado de la salud que pertenezcan al Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios.*

En consonancia con lo antes expresado, en *Ramos* v. *Hosp. Sub-Regional de Aguadilla*, 111 D.P.R. 744 (1981), resolvimos que como la Ley Núm. 74 de 1976 no requiere que el Estado se asegure y haga aportaciones al fondo de compensación al paciente, la "Administración no responde por las reclamaciones contra el Estado como tampoco puede responder por las reclamaciones dirigidas contra los médicos e instituciones que no hacen las aportaciones a que vienen obligados por disposición expresa de la ley". Íd., pág. 749.

Lo anteriormente expresado, de ordinario, conllevaría que en un litigio donde no figura como codemandado un "asegurado" de la Administración no existe ninguna necesidad de que ésta sea parte en el mismo. Ahora bien, el citado Art. 41.100 de la Ley Núm. 74 de 1976 expresamente establece que en "[t]oda acción civil que surja de una reclamación de daños por culpa o negligencia (*malpractice*) se iniciará mediante la radicación de una demanda" en la cual "la Administración será una parte indispensable".

¿Significa ello, como resolvió el foro de instancia, que en toda demanda de daños y perjuicios que por mala práctica profesional de la medicina que se radique en Puerto Rico la Administración tiene que ser incluida como parte codemandada no obstante no existir posibilidad alguna de que sea encontrada responsable por no figurar como codemandado uno de sus asegurados?

No hay duda de que una aplicación mecánica e inflexible de lo dispuesto por el antes citado Art. 41.100 de la Ley nos obligaría a contestar en la afirmativa, lo cual nos llevaría a un resultado absurdo e ilógico, situación que tenemos el deber de evitar. *Cf. Pardavco, Inc.* v. *Srio. de Hacienda,* 104 D.P.R. 65 (1975). Estaríamos obligando a toda parte demandante en un pleito por mala práctica profesional de la medicina a incurrir en trabajo y costos innecesarios y a la Administración del Fondo de Compensación al Paciente a desembolsar cuantiosas sumas de dinero por concepto de honorarios de abogado en casos donde, por razón de que no figuran como codemandados ninguno de sus asegurados, ésta no tiene ningún "interés común" con los demandados; esto es, en casos donde la Administración *realmente* no es una parte indispensable. Véanse: Regla 16.1 de las de Procedimiento Civil de 1979; *Hernández Agosto* v. *López Nieves,* 114 D.P.R. 601 (1983); *Hernández Agosto* v. *Romero Barceló,* 112 D.P.R. 407 (1982).

■ Resolvemos, en su consecuencia, que no es necesario que la Administración del Fondo de Compensación al Paciente sea incluida como parte demandada en un pleito por mala práctica profesional de la medicina en casos donde no existe la posibilidad de que ésta sea responsabilizada por razón de no figurar como codemandado uno de los asegurados de la Administración.

## II

■ En el presente caso la Administración del Fondo de Compensación al Paciente, al amparo de lo resuelto en *Ramos*

v. *Hosp. Sub-Regional de Aguadilla,* supra, no responde por los actos negligentes, si algunos, de los codemandados identificados en la demanda radicada([2]) por razón de que éstos, como viéramos anteriormente, están exentos de hacer aportación alguna a la Administración bajo las disposiciones del citado Art. 41.060 de la Ley.

La Oficina del Procurador General de Puerto Rico en su comparecencia, nos señala el hecho de que la parte demandante incluyó como codemandados —en el párrafo quinto de la demanda que radicara([3])— a unos demandados desconocidos. Argumenta que como en esta etapa de los procedimientos se desconoce quiénes son estos codemandados y como existe la posibilidad de que alguno de ellos esté asegurado con la Administración, ésta debe ser incluida como codemandada.

Debemos mantener presente que los alegados actos de impericia o negligencia médica supuestamente cometidos en la persona de la joven mujer a que se refiere la demanda alegadamente ocurrieron mientras ésta se encontraba recluida en el Hospital de Psiquiatría del complejo hospitalario gubernamental conocido como Centro Médico de Puerto Rico. Independientemente de lo alegado en el párrafo quinto de la demanda radicada, es lógico pensar que todos y cada uno de los "profesionales en el cuidado de la salud" que intervinieron con dicha joven mientras ella allí estuvo recluida tienen que haberlo hecho mientras actuaban "en cumplimiento de sus deberes y funciones *como empleado* del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios". (Énfasis suplido.) Art. 41.080(1). Resulta verdaderamente difícil pensar lo contrario; esto es, que por el Centro Médico de Puerto Rico deambulan, atendiendo pacientes allí recluidos, "profesionales en el cuidado de la salud" que no son em-

---

([2]) Los codemandados Estado Libre Asociado de Puerto Rico, la Administración de Servicios Médicos de Puerto Rico y la Universidad de Puerto Rico.

([3]) El cual transcribiéramos en el escolio Núm. 1, *ante.*

pleados del Estado Libre Asociado, sus dependencias, instrumentalidades o municipios.

■ Debe recordarse que hemos resuelto, en *Lind Rodríguez v. E.L.A.*, 112 D.P.R. 67, 68 (1982), que el "Art. 41.080 del Código de Seguros *exime de responsabilidad* no sólo a los médicos que trabajan exclusivamente para el Estado, sino también a los que, como en este caso, en adición ejercen práctica privada, *mientras actúen en el cumplimiento de su deber como empleados del Estado*". (Énfasis suplido.) Ello, naturalmente, significa que la Administración del Fondo de Compensación al Paciente no responde por ninguno de los "profesionales en el cuidado de la salud" que atendieron a la joven objeto de los alegados actos de impericia médica en el presente caso, siempre y cuando en esos momentos dichos profesionales estuvieran "en el cumplimiento de su deber como empleados del Estado". *Lind Rodríguez* v. *E.L.A.*, supra, pág. 68.(4) Resulta completamente innecesario, por tanto, que la Administración sea parte en el presente pleito.

Por las razones antes expresadas, *procede que se expida el auto, se dicte sentencia revocatoria de la orden de fecha 24 de marzo de 1986 emitida por el Tribunal Superior de Puerto Rico, Sala de San Juan, en el presente caso y se devuelva el caso a dicho foro para la continuación de procedimientos ulteriores compatibles con lo aquí resuelto.*

El Juez Asociado Señor Negrón García no intervino.

---

(4) De acuerdo a nuestro estado de derecho actual todo profesional en el cuidado de salud que trabaje *exclusivamente* para el Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades o municipios, estará exento de efectuar contribución alguna a la Administración del Fondo de Compensación al Paciente, así como de toda responsabilidad por negligencia incurrida en el desempeño de sus funciones. Sin embargo, aquel profesional que además de trabajar para el Estado Libre Asociado de Puerto Rico tenga práctica privada, tendrá que efectuar los pagos correspondientes a la Administración y sólo estará libre de responsabilidad por la negligencia cometida durante el desempeño de sus funciones como empleado del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades o municipios.