EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Interior Developers, Inc.<br><br>      Peticionario<br><br>             v.<br><br>Municipio de San Juan<br><br>      Recurrido | Certiorari<br><br>2009 TSPR 191<br><br>177 DPR \_\_\_\_ |

Número del Caso: CC-2008-156


Fecha: 28 de diciembre de 2009


Tribunal de Apelaciones:

         Región Judicial de san Juan


Juez Ponente:
             Hon. Emmalind García García


Abogado de la Parte Peticionaria:

             Lcda. Bridget M. Timm Ríos

Abogado de la Recurrida:

             Lcdo. Jorge R. Quintana Lajara


Materia: Sentencia Declaratoria

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Interior Developers, Inc.

    Peticionario

       v.                 CC-2008-156      Certiorari

Municipio de San Juan

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton.

San Juan, Puerto Rico, a 28 de diciembre de 2009.

Nos corresponde determinar si la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 L.P.R.A. sec. 4001 *et seq.*, confiere a los municipios la facultad de imponer arbitrios de construcción sobre las obras de la Rama Legislativa. Por entender que las obras de construcción de dicha Rama de Gobierno están fuera del alcance del poder tributario de los municipios, revocamos la sentencia recurrida.

I.

A principios del 2004, Interior Developers, Inc.
(Interior Developers) suscribió un contrato con la

Superintendencia del Capitolio[1] para realizar unas obras de construcción en el Capitolio. Específicamente, se le encomendó construir unas oficinas para la Cámara de Representantes y para el Senado. En febrero de 2005, el Municipio de San Juan (Municipio) envió a Interior Developers una *Notificación Preliminar de Arbitrios a Pagar*. Mediante dicha comunicación el Municipio le informó a Interior Developers que debía pagar $65,020.03 en arbitrios de construcción por las obras a ser realizadas en el Capitolio. En la referida notificación se le indicó, además, que tenía las siguientes opciones, a tenor del Artículo 2.007 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4057: (1) pagar el arbitrio dentro de los 15 días laborables siguientes al acuse de recibo de la notificación; (2) pagar el arbitrio bajo protesta dentro de los 15 días siguientes y, dentro del mismo término, presentar una solicitud escrita de reconsideración, o (3) negarse a efectuar el pago, detener el plan de construcción, posponer la fecha del comienzo de la obra y solicitar revisión judicial ante el Tribunal de Primera Instancia dentro del término improrrogable de 20 días.

En respuesta a la acción del Municipio, Interior Developers presentó una demanda de sentencia declaratoria ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Alegó, en síntesis, que el Municipio no tenía la

---

[1] La Superintendencia del Capitolio Estatal de la Asamblea Legislativa de Puerto Rico fue creada mediante la Ley Núm. 4 de 21 de julio de 1977, para dirigir todo lo relacionado con la conservación, mantenimiento, ampliación, construcción, remodelación y toda obra que se lleve a cabo en el Capitolio. 2 L.P.R.A. secs. 651, 655.

facultad para imponer arbitrios de construcción sobre las obras realizadas en el Capitolio ya que la Ley de Municipios Autónomos, *supra*, excluye a la Rama Legislativa del alcance del poder tributario de los municipios. Adujo, además, que no es un contribuyente según la definición de dicho término dispuesta en la Ley de Municipios Autónomos, *supra*. En la alternativa, sostuvo que, aun si el Municipio tuviese autoridad para imponer los arbitrios de construcción, la cantidad notificada era incorrecta. Ello, pues, según Interior Developers, el Capitolio fue clasificado como un edificio histórico por la Oficina Estatal de Preservación Histórica y el Municipio dispuso mediante ordenanza municipal que las construcciones en dichos edificios están sujetas a un pago cincuenta por ciento menor por arbitrios de construcción.

Por su parte, el Municipio presentó una moción de desestimación en la que alegó que el Tribunal de Primera Instancia carecía de jurisdicción para atender la demanda dado que Interior Developers no había seguido ninguno de los cursos de acción dispuestos en la Ley de Municipios Autónomos, *supra*, para solicitar la revisión de los arbitrios notificados. El foro de instancia denegó la moción de desestimación.

Inconforme, el Municipio cuestionó tal determinación ante el Tribunal de Apelaciones, el cual revocó el dictamen recurrido y desestimó la demanda. Dicho foro acogió el planteamiento del Municipio en cuanto a que Interior Developers no había seguido el curso de acción dispuesto en

la Ley de Municipios Autónomos, *supra*, para solicitar la revisión de la notificación de arbitrios. Oportunamente, Interior Developers presentó una moción de reconsideración. El Tribunal de Apelaciones acogió dicha moción y emitió una nueva sentencia en la que confirmó la determinación del foro primario. Concluyó que la Ley de Municipios Autónomos, *supra*, no otorgó a los municipios la facultad de imponer arbitrios de construcción sobre obras realizadas o contratadas por la Rama Legislativa, por lo que Interior Developers no tenía que cumplir con los requisitos dispuestos en dicha ley para cuestionar los arbitrios impuestos.

En vista de esa nueva sentencia, el Municipio presentó una moción de reconsideración. Tras acogerla, el tribunal modificó nuevamente su dictamen y revocó al foro primario. En dicha sentencia, el Tribunal de Apelaciones concluyó, en esencia, que la Ley de Municipios Autónomos, *supra*, sólo provee una exención del pago de arbitrios de construcción para las obras realizadas directamente por el Gobierno Central, sus agencias, una corporación pública, un municipio o una agencia del gobierno federal. Razonó que, por no figurar entre aquellas obras expresamente exentas del pago de arbitrios de construcción, las obras realizadas en el Capitolio generaban la obligación de pagar los arbitrios de construcción. Ante esta decisión, Interior Developers presentó una moción de reconsideración, la cual fue denegada.

Inconforme, Interior Developers acude ante nos y alega que el Tribunal de Apelaciones no tenía jurisdicción para acoger la moción de reconsideración presentada por el

Municipio después de la primera sentencia emitida en reconsideración porque el reglamento de dicho foro prohíbe la presentación de más de una moción de reconsideración. Sostiene, además, que los municipios no tienen autoridad bajo la Ley de Municipios Autónomos, *supra*, para imponer arbitrios de construcción a obras realizadas por la Rama Legislativa.

Por su parte, el Municipio aduce que cada sentencia que emite el Tribunal de Apelaciones es distinta e independiente de las anteriores por lo que, con cada sentencia, nace un derecho nuevo a solicitar reconsideración. Alega, además, que Interior Developers está obligado a pagar el arbitrio de construcción porque las obras realizadas por la Rama Legislativa no están incluidas en la lista de exenciones al arbitrio de construcción de la Ley de Municipios Autónomos, *supra*. Por último, sostiene que el Tribunal de Primera Instancia carecía de jurisdicción para atender la demanda de Interior Developers porque ésta no siguió el procedimiento dispuesto en la Ley de Municipios Autónomos, *supra*, para solicitar la revisión de la notificación de arbitrios.

Atendido el recurso presentado por Interior Developers, expedimos el auto de *certiorari*. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II.

Como cuestión de umbral, debemos resolver el asunto planteado por Interior Developers en cuanto a la presentación de múltiples mociones de reconsideración ante el Tribunal de Apelaciones.

Los tribunales tienen el poder inherente de reconsiderar sus determinaciones y enmendarlas sustancialmente, a solicitud de parte o *motu proprio*, siempre que todavía retengan jurisdicción sobre el caso. Insular Highway v. A.I.I. Co., res. el 9 de septiembre de 2008, 2008 T.S.P.R. 153; Dumont v. Inmobiliaria Estado, Inc., 113 D.P.R. 406, 413 (1982). Como es sabido, la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, regula lo relativo a las mociones de reconsideración ante el foro primario. La referida moción es el mecanismo que provee nuestro ordenamiento para permitir que un tribunal modifique su fallo y enmiende o corrija los errores en que hubiese incurrido. Lagares v. E.L.A., 144 D.P.R. 601, 609 (1997); Castro v. Sergio Estrada Auto Sales, Inc., 149 D.P.R. 213, 217 (1999); Dávila v. Collazo, 50 D.P.R. 494, 503 (1936).

Por su parte, la Regla 84 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, dispone la forma en que se han de presentar y tramitar las mociones de reconsideración ante el Tribunal de Apelaciones. El inciso (d) de dicha regla establece que "[n]o se permitirá la presentación de más de una moción de reconsideración por la misma parte, **de haber sido denegada la primera.**" (Énfasis suplido). 4 L.P.R.A. Ap. XXII-B, R. 84(D).

En el presente caso, el Tribunal de Apelaciones emitió una primera sentencia de la cual Interior Developers solicitó reconsideración. El foro apelativo intermedio acogió dicha petición y emitió una segunda sentencia en la cual modificó su decisión anterior y resolvió de forma distinta a como lo

había hecho anteriormente. En respuesta a ese nuevo dictamen, el Municipio presentó una moción de reconsideración, que fue acogida por el Tribunal de Apelaciones. Esto redundó en que el referido foro emitiera una tercera sentencia finalmente favorable al Municipio. Ante tales circunstancias, Interior Developers sostiene que dicho foro no tenía jurisdicción para emitir la segunda sentencia en reconsideración en virtud de la Regla 84 del Reglamento del Tribunal de Apelaciones, *supra*. No tiene razón.

De una lectura somera de la Regla 84 del Reglamento del Tribunal de Apelaciones, *supra*, resulta evidente que dicho foro estaba facultado para emitir la sentencia recurrida. El inciso (d) de la referida regla sólo prohíbe que una misma parte presente una segunda moción de reconsideración sobre la misma sentencia, luego de que se haya denegado su primera moción de reconsideración. 4 L.P.R.A. Ap. XXII-B, R. 84(D); Juliá *et al*. v. Epifanio Vidal, S.E., 153 D.P.R. 357, 363 (2001).

El caso de autos, sin embargo, no involucra la presentación de una segunda moción de reconsideración por la misma parte luego de habérsele denegado una primera moción. Más bien, el Tribunal de Apelaciones ejerció su discreción y reconsideró sus dictámenes en dos ocasiones. Como en ambas se alteró el resultado anterior, ello dio pie a que surgiera nuevamente el derecho de solicitar reconsideración de la parte afectada. En efecto, tanto Interior Developers como el Municipio presentaron una sola moción de reconsideración

sobre una sentencia cuyo resultado le era adverso. Ninguna de las partes presentó una moción de reconsideración tras habérsele denegado la primera. Al tratarse de sentencias distintas, el foro apelativo intermedio tenía jurisdicción para atender la moción de reconsideración presentada por el Municipio en cuanto a la primera sentencia en reconsideración. Muestra clara de lo anterior es que, a pesar de su propio señalamiento de error, Interior Developers presentó una moción de reconsideración para cuestionar la última sentencia recurrida, la cual fue denegada.

Aclarado este asunto, pasemos a examinar el derecho aplicable a la controversia ante nuestra consideración.

III.

A.

Bajo la Constitución del Estado Libre Asociado de Puerto Rico la facultad primordial de imponer contribuciones recae en la Asamblea Legislativa. Ésta dispone, específicamente, que "[e]l poder del Estado Libre Asociado para imponer y cobrar contribuciones y autorizar su imposición y cobro por los municipios se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido". Art. VI, Sec. 2, Const. E.L.A, Tomo 1. Como se desprende del citado artículo, la Asamblea Legislativa tiene la facultad de delegar la potestad de imponer contribuciones a los municipios mediante mandato claro y expreso. Café Rico, Inc. v. Mun. de Mayagüez, 155 D.P.R. 548, 553 (2001). Por ser una facultad delegada, "los municipios no tienen un poder inherente, independiente del Estado, para imponer

contribuciones". Levy, Hijo v. Mun. de Manatí, 151 D.P.R. 292, 299 (2000).

Por otro lado, sobre la Asamblea Legislativa también recae la facultad constitucional de "crear, suprimir, consolidar y reorganizar municipios, modificar sus límites territoriales y determinar lo relativo a su régimen y función...." Const. E.L.A., *supra*, Sec. 1. Es por ello que mediante la Ley de Municipios Autónomos, *supra*, la Asamblea Legislativa otorgó a los municipios diversos mecanismos para ejercer una amplia gama de facultades. Art. 2.001 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4051. Entre ellas, se otorgó a los municipios la facultad de imponer tributos con el propósito de que éstos puedan recaudar fondos para brindar más servicios a los ciudadanos. Mun. de Utuado v. Aireko Const. Corp, res. el 11 de septiembre de 2009, 2009 T.S.P.R. 141.

Algunos de los tributos que los municipios pueden imponer y cobrar dentro de sus límites son las contribuciones, derechos, licencias, arbitrios de construcción, tasas y tarifas. Art. 2.002 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4052; HBA Contractors v. Mun. Ceiba, 166 D.P.R. 443 (2005). En cuanto a los arbitrios de construcción, éstos se definen como aquella contribución impuesta por los municipios mediante ordenanza municipal que recae sobre la actividad de construcción o una obra de construcción dentro de los límites territoriales del municipio. Art. 1.003 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4001(cc).

Claro está, la facultad de los municipios de imponer arbitrios de construcción en determinada obra está sujeta a que se configure el "hecho imponible" o "evento contributivo", lo que se define como el presupuesto de hecho, fijado en la ley, cuya realización tiene como consecuencia el nacimiento de la obligación de pagar un tributo. Véase A. Martínez Lafuente, Derecho tributario: Estudios sobre la jurisprudencia tributaria, Madrid, Civitas, 1985, págs. 207-15. Es decir, de no realizarse el hecho imponible, no nacerá la obligación de pagar el tributo. El Artículo 2.002, Inciso (d), de la Ley de Municipios Autónomos, *supra*, preceptúa el evento contributivo que da lugar a la imposición de los arbitrios de construcción. Éste dispone que:

> Toda obra de construcción dentro de los límites territoriales de un municipio, realizada por una persona natural o jurídica privada, o que sea llevada a cabo por una persona natural o jurídica privada a favor o en representación de, o por contrato o subcontrato suscrito con una **agencia o instrumentalidad del Gobierno Central o municipal o del gobierno federal**, incluyendo aquella obra que no requiera la solicitud o expedición de un permiso por la Administración de Reglamentos y Permisos o por un municipio autónomo, deberá pagar el arbitrio de construcción correspondiente. (Énfasis suplido). 21 L.P.R.A. sec. 4052.

Del citado texto se desprende que el hecho imponible que da lugar al nacimiento de la obligación de pagar los arbitrios de construcción está compuesto por una serie de elementos. Éstos son: (1) que se trate de una obra de construcción; (2) que esté dentro de los límites territoriales del municipio, y (3) que sea realizada por una persona natural o jurídica privada, o por una persona natural

o jurídica privada contratada por una agencia o instrumentalidad del Gobierno Central, municipal o federal. Íd. Así, pues, para determinar si un municipio tiene facultad para cobrar el arbitrio de construcción, hay que examinar, además del tipo de obra y su localización, a quién pertenece la obra.

En otras palabras, el enfoque a la hora de determinar si un municipio puede imponer arbitrios de construcción ha de ser en la obra misma. Recientemente tuvimos la oportunidad de expresarnos sobre la naturaleza de los arbitrios de construcción en Mun. de Utuado v. Aireko Const. Corp., *supra*. Allí resolvimos que los arbitrios de construcción que imponen los municipios al amparo del inciso (d) Artículo 2.002 de la Ley de Municipios Autónomos, *supra*, recaen sobre la obra de construcción, no sobre el contratista que la ejecuta. A esos efectos, expresamos que "si la actividad económica que genera la obligación del pago, en este caso la construcción de la escuela continúa, pero se cambia el contratista que la construye, no procede la imposición otra vez del pago por concepto de arbitrios de construcción sobre la misma obra." Íd.

Por su parte, el Artículo 1.003 de la Ley de Municipios Autónomos define "Gobierno Central" como "el gobierno del Estado Libre Asociado de Puerto Rico, sus agencias públicas, instrumentalidades y subdivisiones políticas, **excluyendo la Rama Legislativa** y la Rama Judicial." (Énfasis suplido). 21 L.P.R.A. sec. 4001(r). Asimismo, el inciso (ee) de dicho Artículo define el término "contribuyente" como:

[a]quella persona natural o jurídica obligada al pago del arbitrio sobre la actividad de construcción cuando:

(1) Sea dueño de la obra y personalmente ejecute las labores de administración y las labores físicas e intelectuales inherentes a la actividad de construcción.

(2) Sea contratada para que realice las labores descritas en [l]a cláusula (1) de este inciso para beneficio del dueño de la obra, sea éste una persona particular o entidad gubernamental. El arbitrio podrá formar parte del costo de la obra. 21 LPRA sec. 4001 (ee).

Como se desprende de este artículo, para efectos de los arbitrios de construcción, podrán ser contribuyentes tanto la persona que sea dueña de la obra y que personalmente la ejecute, como la que sea contratada para realizar la construcción, que a su vez podrá pasar el costo al dueño de la obra. Ello es así debido a que los arbitrios de construcción que imponen los municipios al amparo del Art. 2.002 de la Ley de Municipios Autónomos, *supra*, recaen sobre la obra, no sobre el que la ejecuta. Mun. de Utuado v. Aireko Const. Corp., *supra*.

Por otro lado, el Artículo 2.007 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4057, establece que los municipios podrán, mediante ordenanza, eximir del pago de los arbitrios de construcción las obras realizadas para propósitos de interés social. En el derecho tributario, las exenciones se han definido como aquellas normas de aplicación especial que establecen que una norma tributaria general no aplica a ciertos supuestos de hecho que delimitan y que, como resultado, impiden que se deriven los efectos jurídicos de

ésta, o sea, impiden que nazca la obligación tributaria. A. Martínez Lafuente, op. cit. pág. 215 citando a Cortés Domínguez y Martín Delgado, Ordenamiento Tributario Español, Madrid, Civitas, 1977, pág. 308.

Por ser normas especiales que niegan los efectos de las normas tributarias generales, las exenciones se interpretan de forma restrictiva. A los efectos, hemos resuelto que las exenciones contributivas son gracias legislativas que han de interpretarse estrictamente en contra de aquel que alegue tener derecho a ellas. Pardavco, Inc. v. Srio. de Hacienda, 104 D.P.R. 65, 73 (1975). Sin embargo, también hemos expresado que dichas normas no deben ser interpretadas tan restrictivamente como para que pueda quedar frustrada la intención legislativa. Francis v. Trib. Contribuciones y Tes., 74 D.P.R. 19, 24 (1952).

Entre las obras que la Ley de Municipios Autónomos, supra, autoriza a los municipios a eximir del pago de arbitrios de construcción bajo el Art. 2.007 se encuentran aquellas realizadas por las organizaciones sin fines pecuniarios que provean viviendas de alquiler para familias de escasos recursos y para personas mayores de 62 años, así como las realizadas por desarrolladores de proyectos de interés social. Art. 2.007 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4057(f). Además, dicho artículo dispone que "[s]e exime del pago de arbitrio de construcción las obras que realice por administración una agencia del gobierno central o sus instrumentalidades, una corporación pública, un municipio o una agencia del gobierno federal". Íd.

Por último, el Artículo 4.57 de la Ordenanza Núm. 52 del Municipio de San Juan, Serie 2001-2002, aprobada el 21 de diciembre de 2001, dispone que las estructuras declaradas por la Junta de Planificación de Puerto Rico, por ley a esos efectos, mediante recomendaciones del Instituto de Cultura Puertorriqueña o por la Oficia Estatal de Preservación Histórica como de valor histórico arquitectónico pagarán el equivalente al cincuenta porciento de lo que pagan el resto de las estructuras.

B.

El Artículo 2.007 de la Ley de Municipios Autónomos, *supra*, establece que, al recibir la notificación preliminar de arbitrios a pagar, un contribuyente podrá: (1) pagar el arbitrio dentro de los 15 días laborables siguientes al acuse de recibo de la notificación; (2) pagar bajo protesta dentro de los 15 días laborables siguientes al acuse de recibo de la notificación y solicitar reconsideración dentro del mismo término; o, (3) negarse a efectuar el pago, detener su plan de construcción y solicitar la revisión judicial. 21 L.P.R.A. sec. 4057(c). Por su parte, el Artículo 15.002 de la Ley de Municipios Autónomos establece que el Tribunal de Primera Instancia tendrá jurisdicción para "[r]evisar cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico." 21 L.P.R.A. sec. 4702.

En el pasado hemos resuelto que si un municipio carece de autoridad en ley para imponer un tributo no es necesario que

una parte agote el procedimiento administrativo. Así, pues, en Mun. de Trujillo Alto v. Cable TV, 132 D.P.R. 1008 (1993), resolvimos que, al carecer el Municipio de Trujillo Alto de autoridad para imponer el pago de patentes municipales sobre Cable TV of Greater San Juan (Cable TV), éste último no venía obligado a seguir el procedimiento administrativo dispuesto en la Ley de Patentes Municipales como requisito previo a acudir al tribunal. En dicho caso, se cuestionó la procedencia de la imposición de patentes municipales por un municipio en el cual no se encontraban las oficinas de la compañía. Al resolver, expresamos que cuando lo que está en controversia es la autoridad legal de un municipio para imponer un tributo, no el monto de éste, no es necesario seguir el trámite administrativo. Íd.

De manera similar, en Compañía Azucarera del Toa v. Municipio, 76 D.P.R. 331 (1954), resolvimos que si no hay ley válida que autorice a un municipio a imponer una contribución, es innecesario agotar los remedios administrativos, ya que ello sería inútil. En el referido caso, surgió una controversia sobre la procedencia del cobro de patentes municipales ante la existencia de un impuesto insular. Al resolver que los municipios carecían de autoridad para imponer las patentes en cuestión por existir un impuesto insular sobre los mismos artículos, expresamos que no era necesario cumplir con el trámite administrativo dispuesto en la ley de Patentes Municipales para que los tribunales pudieran adquirir jurisdicción. Íd.

Con estos preceptos en mente, pasemos a disponer concretamente de la controversia ante nuestra consideración.

IV.

A.

Antes de resolver el asunto relativo al poder tributario de los municipios para imponer arbitrios de construcción sobre las obras realizadas por la Rama Legislativa, es necesario atender el argumento esbozado por el Municipio sobre la falta de jurisdicción del Tribunal de Primera Instancia para atender la demanda de sentencia declaratoria interpuesta en su contra por Interior Developers. El Municipio alegó ante el Tribunal de Primera Instancia, y así lo hace ante nos, que la Ley de Municipios Autónomos, *supra*, especifica el procedimiento que debe seguir un contribuyente que no está de acuerdo con la cantidad de arbitrios de construcción impuesta por el Director de Finanzas de un municipio. Sostiene que, al Interior Developers no seguir ninguno de los cursos de acción dispuestos en la ley, la *Notificación Preliminar de Arbitrios a Pagar* advino final y firme, por lo que no tiene más remedio que pagar. No le asiste la razón.

Según expuesto anteriormente, cuando lo que una parte cuestiona es la autoridad de un municipio para imponer un tributo en particular, resulta innecesario agotar el procedimiento administrativo dispuesto en ley. En este caso, al igual que en Municipio de Trujillo Alto v. Cable TV, *supra*, y Compañía Azucarera del Toa v. Municipio, *supra*, no se cuestiona la cantidad notificada, sino el poder en ley del

municipio para imponer el tributo. Es decir, lo que está en controversia en el presente caso es la facultad del Municipio para imponer el pago de los arbitrios de construcción, por lo que no era necesario que Interior Developers agotara los remedios administrativos dispuestos en el Artículo 2.007 de la Ley de Municipios Autónomos, *supra*, antes de acudir al foro de instancia.

En efecto, en la demanda de sentencia declaratoria interpuesta por Interior Developers, ésta solicitó, en primer lugar, que se declare que no proceden los arbitrios de construcción notificados porque la obra está fuera del alcance tributario del Municipio. En segundo lugar, solicitó que se declare que no es un contribuyente bajo la Ley de Municipios Autónomos y, en la alternativa, solicitó que, de hallarse que proceden los arbitrios de construcción, éstos sean computados a base del porciento aplicable a las estructuras de valor histórico. Surge claramente de la demanda que el planteamiento principal de Interior Developers es que el Municipio no tiene facultad para imponer los arbitrios de construcción sobre las obras de construcción realizadas en el Capitolio. En vista de ello, Interior Developers no tenía que seguir el procedimiento dispuesto en la Ley de Municipios Autónomos, *supra*, antes de acudir al Tribunal de Primera Instancia.

Se podría argumentar, como en efecto lo hace el Municipio, que es contrario al ordenamiento jurídico permitir que una parte a la que se le requiera el pago de un tributo prescinda del trámite administrativo antes de acudir a los

tribunales. El Municipio sostiene que ello se presta para que una parte alegue la falta de autoridad de un municipio como subterfugio para impugnar el monto notificado sin tener que pagar el mismo. No obstante, y en vista de que el poder de los municipios para imponer contribuciones es delegado, es necesario que la vía judicial permanezca abierta para que las partes a las que se les requiera, sin autoridad en ley, el pago de un tributo, tengan un remedio disponible. Sería fútil e injusto requerir que una parte agote los remedios administrativos cuando alegue suficientemente que un municipio no tiene facultad en ley para imponer el tributo en cuestión.

Resuelto el planteamiento jurisdiccional del Municipio pasemos a resolver el asunto relativo al poder del Municipio de requerir el pago de los arbitrios de construcción por las obras realizadas en el Capitolio.

B.

Según indicamos anteriormente, del citado texto del Artículo 2.002 de la Ley de Municipios Autónomos, *supra*, se desprende que el hecho imponible que genera la obligación de pagar los arbitrios de construcción es la realización de una obra de construcción dentro de los límites territoriales del municipio por una persona natural o jurídica privada, o por una persona natural o jurídica privada contratada por una agencia o instrumentalidad del Gobierno Central, municipal o federal. Debido a que el arbitrio de construcción recae propiamente sobre la obra y no sobre la persona que la realiza, si en la obra no concurren los elementos dispuestos

en la ley no nace la obligación de pagar los arbitrios de construcción. Véase, además, Mun. de Utuado v. Aireko Const. Corp, *supra*.

En consecuencia, si no nace la obligación tributaria por no producirse el hecho imponible, no es necesario determinar quién es el contribuyente, ya que dicha figura sólo entra en juego una vez nace la obligación de tributar. Ello, pues, como dispone el Artículo 1.003(ee) de la Ley de Municipios Autónomos, *supra,* el contribuyente es aquel obligado a pagar los arbitrios de construcción. 21 L.P.R.A. sec. 4001. Dicho artículo indica que el obligado al pago de los arbitrios podría ser el dueño de la obra o las personas contratadas por éste para realizarlas, que a su vez podrán incluir el arbitrio de construcción en el costo de la obra. Íd. No obstante, ninguna de estas personas puede ser contribuyente si la obra de construcción está fuera del alcance del poder tributario de un municipio. En otras palabras, si no ha nacido la obligación de pagar los arbitrios de construcción no cabe hablar de la figura del contribuyente.

De modo similar, si la obra de construcción no genera la obligación de tributar, no es necesario determinar si aplica exención alguna. Una exención es una disposición que, a modo de excepción, exonera del pago de la contribución a aquellos que estarían obligados a pagarla si no aplicara la exención. Así, vemos que Artículo 2.007 de la Ley de Municipios Autónomos, *supra*, autoriza a los municipios a exonerar del pago de los arbitrios de construcción a ciertas obras que, de no ser por la exención, estarían sujetas a pagarlos, como por

ejemplo, las realizadas por los desarrolladores de proyectos de interés social.

En vista de ello, resulta forzoso concluir que para que nazca la obligación de pagar los arbitrios de construcción deben concurrir en la obra los elementos necesarios para que se configure el hecho imponible. Según dispone la ley, además de que sea una obra de construcción realizada dentro de los límites territoriales del Municipio, se requiere que la obra sea realizada por una persona natural o jurídica privada, o por una persona natural o jurídica privada contratada por una agencia o instrumentalidad del **Gobierno Central, municipal o federal**. 21 L.P.R.A. sec. 4001(r). Como indicamos anteriormente, el Artículo 2.002 de la Ley de Municipios Autónomos, *supra*, excluye de la definición de "Gobierno Central" a la Rama Legislativa y a la Rama Judicial. Art. 1.003 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4001(ee).

En el caso de autos, una persona jurídica privada –Interior Developers– se obligó, en virtud de un contrato con la Rama Legislativa, a realizar las obras en el Capitolio. En dichas obras concurren dos de los elementos que componen el hecho imponible que daría lugar al nacimiento de la obligación de pagar los arbitrios de construcción, a saber, que es una obra de construcción y que se realizó dentro de los límites territoriales del municipio. No obstante, falta un elemento esencial para que se configure el hecho imponible dispuesto en la Ley de Municipios Autónomos, *supra*: no es una obra realizada por una persona natural o jurídica privada, o

por una persona natural o jurídica privada contratada por una agencia o instrumentalidad del Gobierno Central, municipal o federal. Véase 21 L.P.R.A. sec. 4001(r). Según la propia Ley de Municipios Autónomos, la Rama Legislativa está excluida de la definición de Gobierno Central. Por ende, el Municipio carecía de autoridad en ley para requerirle a Interior Developers el pago de los arbitrios de construcción por las obras realizadas en el Capitolio porque, como se desprende de los Artículos 1.003 y 2.002 de la Ley de Municipios Autónomos, *supra,* toda obra de construcción realizada por la Rama Legislativa, o las personas naturales o jurídicas privadas contratadas por ésta, está fuera del alcance del poder tributario de los municipios.

En vista de lo anterior, erró el Tribunal de Apelaciones al resolver que las obras de construcción realizadas por Interior Developers están sujetas al pago de arbitrios de construcción por no estar expresamente incluidas entre las exenciones dispuestas en la Ley de Municipios Autónomos.

V.

Por los fundamentos antes expuestos, se revoca la sentencia recurrida y, en consecuencia, se declara con lugar la demanda de Interior Developers.

Se dictará sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Interior Developers, Inc.

    Peticionario

       v.                     CC-2008-156        Certiorari

Municipio de San Juan

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 28 de diciembre de 2009.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia recurrida y, en consecuencia, se declara con lugar la demanda de Interior Developers.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo