EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Brian Carrero Rolstad<br><br>Peticionario | Certiorari<br><br>2016 TSPR 24<br><br>194 DPR ____ |
|---|---|

Número del Caso: CC-2015-812

Fecha: 8 de febrero de 2016

Tribunal de Apelaciones:

        Región Judicial de Mayagüez y Aguadilla Panel XI

Abogada de la parte Peticionaria:

        Lcda. Mariana Miranda Juarbe
        Sociedad para Asistencia Legal

Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcda. Mónica Cordero Vázquez
        Procuradora General Auxiliar

Materia: Derecho Apelativo: Trámite ante el Tribunal de Apelaciones cuando se ha autorizado la preparación de una transcripción estipulada de la prueba oral. Regla 76 del Reglamento del Tribunal de Apelaciones.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
    Recurrido

                                    CC-2015-0812
            v.

Brian Carrero Rolstad
    Peticionario


Opinión del Tribunal emitida por la Jueza Asociada ORONOZ RODRÍGUEZ
(REGLA 50)


En San Juan, Puerto Rico, a 8 de febrero de 2016.

La presente trata sobre una controversia procesal que surgió en el curso de la apelación de una sentencia en un caso criminal. En particular, debemos considerar si puede el Tribunal de Apelaciones, cuando ha autorizado la preparación de una transcripción estipulada de la prueba oral, requerirle a la parte apelante que presente su alegato sin antes conceder un término para que la parte apelada estipule el proyecto de transcripción de la prueba oral preparado. Por las razones que exponemos a continuación resolvemos que no.

I.

El 8 de junio de 2015, el Sr. Brian Carrero Rolstad (en adelante, "peticionario") fue hallado culpable por infracción al Art. 93 (a) del Código Penal, 33 LPRA sec. 5142 (asesinato en primer grado), y 5.05 de la Ley de Armas, 25 LPRA sec. 458d (portación y uso de arma blanca). En la misma fecha fue sentenciado por ambos delitos a cumplir penas consecutivas de noventa y nueve años y seis años de reclusión, respectivamente.

El 7 de julio de 2015, el abogado de la Sociedad para Asistencia Legal (en adelante, "SAL") que representó al peticionario en primera instancia presentó un escrito de apelación ante el Tribunal de Apelaciones en el cual incluyó varios señalamientos de error. Con el escrito de apelación, el abogado también presentó una moción en la que expuso que, a su entender, una transcripción de la prueba oral desfilada en el juicio era el método más adecuado para que el Tribunal considerara los señalamientos de error. Por ello, solicitó un término de sesenta días para preparar y presentar una transcripción de la prueba, la cual debía ser posteriormente estipulada por el Ministerio Público. El 17 de julio de 2015, el Tribunal de Apelaciones emitió una Resolución concediendo treinta días al peticionario para que sometiera la

transcripción de la prueba oral debidamente estipulada, así como el alegato de apelación.[1]

El 5 de agosto de 2015, la representación legal del peticionario compareció y explicó que la transcripción de la prueba oral no había podido ser completada. Añadió que la SAL no contaba con transcriptores externos y la transcripción estaba siendo preparada por el propio personal de la oficina. Considerando que el juicio del peticionario había durado nueve días, solicitó un término adicional de sesenta días para presentar el proyecto de transcripción de la prueba.

Además, expresó preocupación por el plazo concedido en la Resolución de 17 de julio de 2015, ya que en la misma se establecía un término simultáneo de treinta días para la preparación del proyecto de transcripción de la prueba, su estipulación por el Ministerio Público y la presentación del alegato de la defensa. Arguyó que esos términos debían ser consecutivos y no simultáneos, y solicitó que, una vez entregara el proyecto de transcripción de la prueba oral, se le concediera a la Oficina de la Procuradora General un plazo para examinarlo y estipularlo, luego del cual comenzara a transcurrir el término para la presentación del alegato de apelación. El Tribunal de Apelaciones, por su parte, dictó una Resolución el 19 de agosto de 2015 en la que concedió un

---

[1] Esta Resolución fue notificada el mismo día, por lo cual el término vencía el 16 de agosto de 2015.

término de treinta días para la presentación de ambos, la transcripción estipulada y el alegato.[2]

Posteriormente, el 24 de agosto de 2015, la representación legal del peticionario presentó una nueva moción en la que se comprometió a terminar el proyecto de transcripción de la prueba dentro del término de treinta días concedido y a entregarlo al Ministerio Público en el mismo plazo. No obstante, reiteró la solicitud para que se le concediera un término a la Oficina de la Procuradora General para evaluar y estipular el proyecto de transcripción de la prueba, ya que, una vez entregada la transcripción, era dicha Oficina la que estaría en posición de estipular u objetarla.

Además explicó que, al igual que sucede en la Oficina de la Procuradora General, el funcionamiento interno de la SAL está organizado de manera tal que el abogado que se encarga del caso a nivel apelativo no es el mismo que lo litigó en primera instancia, por lo que la transcripción estipulada de la prueba oral resulta indispensable para que el abogado apelativo pueda familiarizarse a fondo con la prueba y discutir en el alegato los señalamientos de error. Por ende, solicitó que el término para presentar el alegato de la defensa comenzara a cursar una vez la transcripción de la prueba oral fuera estipulada. El Tribunal de Apelaciones declaró sin lugar la moción.

---

[2] Esta Resolución fue notificada el mismo día, por lo cual el término concedido vencía el 19 de septiembre de 2015.

El 15 de septiembre de 2015, la División de Apelaciones de la SAL compareció ante el foro intermedio e informó que el abogado de la SAL que representó al peticionario en primera instancia había concluido la transcripción de la prueba -la cual constaba de 586 páginas- y la había entregado al Ministerio Público el 8 de septiembre de 2015, es decir, dentro del término concedido. Explicó que en esa misma fecha el abogado le hizo llegar a la División de Apelaciones de la SAL una copia del proyecto de transcripción. No obstante, en vista de que el Ministerio Público aún no lo había estipulado, solicitó que se prorrogara la fecha para la presentación del alegato, el cual, de otro modo, tendría que presentar antes del 19 de septiembre de 2015 de conformidad con la Resolución anterior del Tribunal de Apelaciones.

También indicó que en la Secretaría del Tribunal de Apelaciones le habían informado que los autos originales del caso aún no habían sido elevados por el Tribunal de Primera Instancia, por lo que adujo que el recurso no estaba perfeccionado. Solicitó, pues, que se ordenara la elevación de los autos originales, se estableciera un término para que el Ministerio Público estipulara el proyecto de transcripción de la prueba oral y se le concediera un plazo razonable para la presentación del alegato.

El 18 de septiembre de 2015, el Tribunal de Apelaciones notificó una Resolución en la cual concedió un

término improrrogable de veinte días para la presentación del alegato de la defensa. Advirtió que de incumplir procedería a resolver el caso sin el beneficio de la transcripción.[3]

De esta Resolución recurrió el peticionario ante este Tribunal mediante escrito de *certiorari* y presentó, además, una moción en auxilio de jurisdicción en la que solicitó la paralización de los procedimientos en el foro recurrido. En su petición de *certiorari* arguyó que:

> Erró el Tribunal de Apelaciones al dar un término improrrogable al apelante para presentar su alegato a pesar de que la transcripción no ha sido estipulada por la parte contraria y no se ha elevado el expediente de apelación.
>
> Erró el Tribunal de Apelaciones al resolver que, de no cumplir con el término improrrogable brindado, procederá a resolver el caso sin el beneficio de la transcripción a pesar de que dicha transcripción se encuentra en manos del Ministerio Público y el apelante está en espera de que la misma sea estipulada.[4]

Este Tribunal declaró con lugar la moción en auxilio de jurisdicción y paralizó los procedimientos en el Tribunal de Apelaciones. Asimismo, concedimos un término a

---

[3] La Resolución decía como sigue: "Examinada la 'Moción de Reconsideración Urgente y Solicitud de Término Adicional' presentada el 15 de septiembre de 2015 por la parte apelante; se le concede un término adicional e improrrogable de 20 días a vencer el miércoles, 7 de octubre de 2015 a las 3:00 pm para que presente su alegato. En igual término, deberá presentar su alegato suplementario especificando la página, párrafo y línea exacta de la Transcripción de la Prueba Oral Estipulada a la cual se hace referencia conforme a lo establecido en el Reglamento del Tribunal de Apelaciones. Transcurrido dicho término improrrogable, sin su cumplimiento, procederemos a resolver el presente caso sin el beneficio de la transcripción. Advertimos que el manejo del caso tal como la elevación de los autos corresponde al Tribunal y no a las partes, exhortamos a la compañera abogada a no intervenir con la discreción de este Tribunal, ya que tal intervención es inadecuada e impropia". Apéndice, págs. 1-2. (citas omitidas) (énfasis en el original).
[4] Petición de *certiorari*, pág. 8.

la Oficina de la Procuradora General para que se expresara con relación a los señalamientos de error. En cumplimiento de nuestra orden, la Oficina de la Procuradora General compareció y expresó no tener objeción a lo solicitado en materia procesal por el peticionario.[5]

Con el beneficio de ambas comparecencias, procedemos a resolver esta controversia procesal al amparo de la Regla 50 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 50.

II.

La Regla 29 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 29, dispone que cuando una parte apelante considere que para atender adecuadamente sus señalamientos de error el Tribunal de Apelaciones debe examinar la prueba oral presentada en el juicio, la parte podrá exponer dicha prueba mediante una transcripción, una exposición estipulada o una exposición narrativa.[6]

Con respecto a la transcripción de la prueba oral, el inciso (C) de la Regla 76 del referido Reglamento, 4 LPRA

---

[5] La Procuradora General también señaló que el Ministerio Público pudo examinar el proyecto de transcripción de la prueba oral y le indicó a la defensa que no tenía objeciones en lo referente a la transcripción de los testimonios, pero sí con respecto al contenido de unos informes incluidos en la transcripción. Expresó que ya las partes estaban atendiendo esta situación, con miras a estipular cuanto antes la transcripción de la prueba. *Escrito en cumplimiento de orden*, pág. 3.

[6] A esos efectos, el inciso (B) de la Regla 29, supra, precisa que dentro de los diez días de haber presentado el escrito de apelación, la parte apelante deberá someter una moción indicando el método de reproducción de la prueba oral que utilizará, que sea consistente con la más rápida dilucidación del caso. Asimismo, la Regla le reconoce discreción al Tribunal de Apelaciones para determinar el método que mejor garantice la pronta resolución de la controversia.

Ap. XXII-B, R. 76, permite recurrir a una transcripción estipulada, método en el cual el apelante utiliza su propia grabación de los procedimientos en primera instancia para preparar la transcripción de la prueba desfilada.[7] Esta alternativa requiere que la parte apelada estipule que la transcripción es una reproducción fiel de la prueba oral que fue presentada. El inciso (C) de la Regla 76, supra, no establece el término dentro del cual el proponente debe completar la transcripción y la parte apelada estipular la misma, pero en el inciso (E) de esta Regla se le reconoce discreción al Tribunal de Apelaciones para fijar los plazos de cumplimiento, de conformidad con el eficiente trámite apelativo y el derecho de las partes.[8]

De otro lado, en el inciso (A) de la Regla 77, 4 LPRA Ap. XXII-B, R. 77, se dispone que en las apelaciones criminales el expediente de apelación consistirá del expediente original del Tribunal de Primera Instancia, al cual se le unirá la reproducción de la prueba oral preparada en aquellos casos en que ello haya sido autorizado. Hiram A. Sánchez Martínez, Derecho Procesal Apelativo, Hato Rey, Lexis-Nexis de Puerto Rico, Inc., 2001, pág. 588. Asimismo, este inciso aclara que el expediente de apelación debe ser elevado al Tribunal de Apelaciones dentro de los treinta días a partir de la

---

[7] La Regla 76(C), supra, también permite utilizar la regrabación preparada por el Tribunal de Primera Instancia.

[8] "Las transcripciones se prepararán y presentarán en la Secretaría del Tribunal de Apelaciones dentro del plazo ordenado por éste. [...] Este plazo será prorrogable sólo por justa causa y mediante moción debidamente fundamentada". Regla 76 (E), supra.

presentación del escrito de apelación, aunque le reconoce discreción al Tribunal de Primera Instancia para prorrogar -con o sin moción o notificación a esos efectos- el término para elevar el expediente por un período no mayor de sesenta días adicionales.[9] Íd., pág. 590-91.

Por último, la Regla 28, 4 LPRA Ap. XXII-B, R. 28, la cual versa sobre el contenido de los alegatos en los casos criminales, establece en su inciso (A) que, de ordinario, la parte apelante deberá presentar su alegato dentro del término de treinta días desde la fecha en que sea elevado el expediente de apelación, salvo que el Tribunal de Apelaciones disponga de otra forma.[10]

III.

De la anterior exposición surge que el procedimiento para admitir una transcripción estipulada de la prueba oral consta de una primera parte en la que el proponente transcribe la prueba desfilada en el juicio, y una segunda parte en la que la parte apelada tiene la oportunidad de revisar el proyecto de transcripción preparado y estipularlo como correcto u objetar cualquier inconsistencia en su contenido. Una vez la transcripción de la prueba ha sido estipulada, es que el apelante

_____

[9] En el inciso (A) de la Regla 77, supra, se dispone que cualquier prórroga ulterior requerirá causa justificada.

[10] Sobre este particular, conviene precisar que en las apelaciones criminales el primer escrito que presenta la parte apelante es el escrito de apelación, el cual es uno breve en el que se consignan de forma concisa los señalamientos de error en que se fundamenta la apelación. El alegato de apelación, por su parte, es un escrito posterior más extenso en el que la parte apelante discute los errores señalados en el escrito de apelación. Sánchez Martínez, op. cit., pág. 296.

presentará su alegato, en el cual podrá fundamentar sus señalamientos de error haciendo referencia a la prueba oral estipulada. De otro modo, se le estaría exigiendo a este último que argumente sus planteamientos a base de una transcripción que está sujeta a cambiar.

Por lo tanto, en los casos en que se autorice la reproducción de la prueba oral por vía de una transcripción estipulada, el Tribunal de Apelaciones dispondrá un término para que la parte proponente prepare la transcripción, otro término para que la parte apelada examine el proyecto de transcripción y decida si lo estipula o lo objeta, y un término posterior para que, una vez la transcripción esté estipulada, la parte apelante presente su alegato de apelación.[11]

El Reglamento del Tribunal de Apelaciones le reconoce discreción y le provee flexibilidad a ese foro para tramitar los recursos ante sí de manera ágil y eficiente. 4 LPRA Ap. XXII-B, R. 2, 8. No obstante, el ejercicio de esa discreción no puede tener el efecto de perjudicar el derecho a apelar de las partes, para cuya garantía fue creado precisamente el Tribunal de Apelaciones. Art. 4.002 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 21-2003, 4 LPRA sec. 24u; Pueblo v. Rodríguez Ruiz, 157 DPR 288, 294 (2002). La discreción judicial, instrumento esencial al que

---

[11] En las apelaciones criminales, el alegato del Ministerio Público, de ordinario, se presentará en un plazo de treinta días contados a partir de la fecha de presentación del alegato del apelante. Regla 28(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.28(E).

continuamente recurren los jueces en el desempeño de sus funciones, está inexorablemente ligada a nociones de razonabilidad, según el contexto particular en el que ésta se ejerza. García v. Padró, 165 DPR 324, 335 (2005); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, aquella determinación discrecional que transgreda ese marco de razonabilidad constituirá un abuso de discreción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); García v. Padró, supra, en la pág. 335.

En el presente caso, erró el Tribunal de Apelaciones al no conceder un término para que el Ministerio Público examinara el proyecto de transcripción de la prueba oral, una vez éste fue entregado por la representación legal del peticionario. Asimismo, procedió de forma irrazonable al requerir que el peticionario presentara su alegato, so pena de resolver sin el beneficio de la transcripción de la prueba, aún cuando dicha transcripción no había sido estipulada por el Ministerio Público. Al así actuar, y exigirle al peticionario que preparara su alegato utilizando un proyecto de transcripción que no era final y cuya estipulación en ese momento estaba fuera de su control, el Tribunal de Apelaciones abusó de su discreción. "Es regla dorada de hermenéutica judicial, que las disposiciones de una ley [o de un reglamento] deben ser examinadas e interpretadas de modo que no conduzcan a resultados absurdos, sino a unos armoniosos". Pueblo v. Zayas Rodríguez, 147 DPR 530, 448 (1999) (citando de

<u>Pardavco, Inc. v. Srio. de Hacienda</u>, 104 DPR 65, 71 (1975)).

Al resolver de esta forma, no podemos hacer abstracción de la diligencia exhibida por la representación legal del peticionario, que oportunamente le transmitió al Tribunal de Apelaciones las dificultades encontradas para cumplir con el plazo simultáneo que le fuera impuesto para la preparación del proyecto de transcripción de la prueba, su estipulación y la presentación del alegato.[12] Una vez le remitió el proyecto de transcripción al Ministerio Público, el peticionario le solicitó nuevamente al Tribunal de Apelaciones que estableciera un término dentro del cual la transcripción debía estipularse y un término consecutivo para presentar el alegato de apelación.

Esta solicitud, además de ajustarse al trámite ordenado al que hemos hecho referencia, no tenía el efecto de dilatar los procedimientos o causar algún perjuicio ya que, de todos modos, el Tribunal de Apelaciones no podía resolver la controversia hasta tanto se perfeccionara el recurso mediante la elevación de los autos originales por el Tribunal de Primera Instancia. Este hecho, pues, enfatiza el abuso de discreción en el que incurrió el foro

---

[12] Tampoco debemos perder de perspectiva que entre la fecha en que se instó el recurso de apelación y la fecha en que el Tribunal de Apelaciones dictó su última orden concediendo un término improrrogable para presentar el alegato transcurrieron poco más de dos meses, tiempo que no resulta excesivamente largo si se toma en cuenta que el juicio duró nueve días y que el proyecto de transcripción consta de 586 páginas.

intermedio al exigir que se presentara el alegato de apelación sin que se hubiera estipulado la transcripción de la prueba oral.

IV.

En atención a la discusión que antecede, se expide el auto de *certiorari* al amparo de la Regla 50 de este Tribunal, <u>supra</u>, y se deja sin efecto la Resolución recurrida del foro intermedio. Se devuelve el caso al Tribunal de Apelaciones para que continúen los procedimientos de conformidad con lo aquí expuesto.

Se dictará sentencia de conformidad.

Maite D. Oronoz Rodríguez
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

  Recurrido

              v.                      CC-2015-0812

Brian Carrero Rolstad

  Peticionario


SENTENCIA


En San Juan, Puerto Rico, a 8 de febrero de 2016.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el auto de *certiorari* al amparo de la Regla 50 de este Tribunal, <u>supra</u>, y se deja sin efecto la Resolución recurrida del foro intermedio. Se devuelve el caso al Tribunal de Apelaciones para que continúen los procedimientos de conformidad con lo aquí expuesto.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo no intervinieron.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo, Interina