EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pedro Pabón Reyes<br><br>Querellado Apelado<br><br>v.<br><br>South American Restaurants Corp.<br>H/N/C Churchs Chicken | Certiorari<br><br>2017 TSPR 137<br><br>198 DPR ____ |

Número del Caso: AC-2016-26

Fecha: 21 de julio de 2017

Abogados de la parte peticionaria:

      Lcdo. Juan Casellas Rodríguez
      Lcda. Giovanna Moreno López

Abogado de la parte recurrida:

      Lcdo. Samuel Figueroa González

Materia. Sentencia del Tribunal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Pedro Pabón Reyes<br><br>    Querellado Apelado<br><br>       v.<br><br>South American Restaurants Corp. H/N/C Churchs Chicken<br><br>    Querellada Apelante | AC-2016-0026 | |

SENTENCIA

En San Juan, Puerto Rico, a 21 de julio de 2017.

Comparece South American Restaurants Corp. H/N/C Sarco Chicken (South American o peticionaria) y nos solicita que revisemos una Sentencia emitida por el Tribunal de Apelaciones. Mediante esta, el foro *a quo* confirmó una determinación del foro primario que declaró con lugar una reclamación de despido injustificado al amparo del procedimiento sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq*.

Por los fundamentos que expondremos a continuación, revocamos y devolvemos el caso al foro apelativo intermedio para que resuelva los méritos de la controversia entre las partes. El Tribunal de Apelaciones abusó de su discreción al emitir la Sentencia recurrida

sin el beneficio de la transcripción de la prueba vertida en el procedimiento ante el foro primario.

Pasamos a reseñar los antecedentes fácticos y procesales que dan origen al caso de autos.

I

El 21 de enero de 2014, el Sr. Pedro Pabón Reyes (señor Pabón Reyes) presentó ante el foro primario una Querella por despido injustificado contra South American en la cual invocó el trámite expedito que provee la Ley Núm. 2, *supra*, para reclamaciones laborales.

Luego de contestar la Querella, South American presentó una *Solicitud de Sentencia Sumaria.* No obstante, y luego de varias incidencias, el foro primario denegó esa solicitud por entender que existían controversias sustanciales de hechos materiales que impedían resolver el litigio por la vía sumaria. Tras la celebración del juicio en su fondo, el Tribunal de Primera Instancia notificó una Sentencia en la cual declaró con lugar la Querella presentada por el señor Pabón Reyes y condenó a la parte peticionaria a indemnizarle una suma de $40,981.52 dólares por concepto de mesada más una suma de $6,147.22 dólares por concepto de costas y honorarios de abogado.

En desacuerdo con la determinación notificada, el 13 de octubre de 2015 South American recurrió ante el foro apelativo intermedio mediante un recurso de apelación en el cual cuestionó la apreciación de la prueba realizada por el Tribunal de Primera Instancia. Así pues, el 23 de

octubre de 2015 le solicitó a ese foro autorización para someter una transcripción de la prueba oral presentada en el juicio. El 3 de noviembre de 2015 el Tribunal de Apelaciones emitió una Resolución en la que accedió al petitorio de South American. A esos efectos, le concedió un término de treinta (30) días o hasta el 7 de enero de 2016 para presentar una transcripción estipulada de la prueba oral. Esa Resolución se le notificó a las partes treinta y cuatro (34) días luego de haberse emitido. Es decir, el 7 de diciembre de 2015.

Así las cosas, el 16 de diciembre de 2015 South American presentó ante el foro primario una Moción en la que solicitó la regrabación del juicio celebrado el 30 de abril de 2015 e informó la anuencia del Tribunal de Apelaciones a esos efectos. Ese mismo día, presentó una Moción ante el Tribunal de Apelaciones en la que indicó que se encontraba gestionando la regrabación de los procedimientos. En su comparecencia solicitó que el término de treinta (30) días para someter la transcripción estipulada de la prueba comenzara a transcurrir a partir de la fecha en la que el foro primario le entregara la regrabación total del juicio. Solicitó, además, que "debido a la época festiva" el término concedido se extendiera por un término adicional de treinta (30) días.

No obstante, el foro apelativo intermedio no concedió la prórroga solicitada por South American y el 18 de diciembre de 2016 emitió una Resolución en la cual le

apercibió que de no presentar la transcripción estipulada dentro del término de treinta (30) días otorgado mediante Resolución notificada el 7 de diciembre de 2015, adjudicaría el recurso sin el beneficio de la transcripción. Esa Resolución se notificó el 28 de diciembre de 2015. Es decir, diez (10) días luego de emitida y apenas diez (10) días antes de que venciera el término concedido a South American para presentar la transcripción estipulada de la prueba.

Así las cosas, el 4 de enero de 2016 South American presentó una Moción ante el foro primario en la que reiteró su solicitud. En su comparecencia indicó que el 16 de diciembre de 2015 había solicitado la regrabación del juicio celebrado ante ese foro. Señaló, además, que tenía hasta el 7 de enero de 2016 para someter la estipulación de la transcripción de la prueba ante el Tribunal de Apelaciones y que no había podido cumplir con la Orden de ese foro toda vez que no había recibido la regrabación del procedimiento. En esa misma fecha, South American presentó ante el foro apelativo intermedio una moción urgente en la que indicó que a esa fecha aún no había recibido del foro primario la Orden para la regrabación de los procedimientos por lo cual no había podido gestionar la transcripción del mismo. A esos efectos, le solicitó al Tribunal de Apelaciones que ordenara al foro primario a expedir la Orden correspondiente y que le concediera un término adicional de treinta (30) días contados a partir

de la notificación de la regrabación por el Tribunal de Primera Instancia para gestionar la transcripción de los procedimientos. Junto a su comparecencia la parte peticionaria anejó la Moción que ese mismo día había presentado ante el foro primario reiterando su solicitud de regrabación de los procedimientos. Del expediente de autos no surge que el Tribunal de Apelaciones haya atendido esa moción.

El 2 de febrero de 2016, el foro primario notificó una Orden mediante la cual autorizó la regrabación solicitada por South American. Asimismo, la moción de la secretaría informando el costo y materiales para la regrabación fue notificada el 4 de febrero de 2016. No obstante, el 9 de febrero de 2016 el foro apelativo intermedio notificó una Sentencia mediante la cual confirmó la determinación recurrida. En esta concluyó lo siguiente:

> [a]unque SARCO impugnó la apreciación de la prueba que hizo el TPI, no presentó, dentro de los términos que le concedimos, una transcripción de la prueba oral estipulada, que nos pusiera en posición de evaluar la aquilatación que hizo el TPI, tanto de la prueba testifical como de la documental presentada en el juicio.

Oportunamente South American solicitó la reconsideración del dictamen emitido, pero ese foro denegó su solicitud. No conteste con esta determinación, el 29 de febrero de 2016 South American acudió ante nos mediante recurso de apelación y señaló la comisión del error siguiente:

> Erró el Tribunal de Apelaciones al acortar sus propios términos reglamentarios sobre la radicación de la transcripción de prueba oral, con la consecuencia práctica de priva[r] a una parte de una revisión en los méritos.

Acogido el recurso presentado como *certiorari,* el 24 de junio de 2016 emitimos una Orden a la parte recurrida para que mostrara causa, si alguna, por la cual no debíamos revocar la Sentencia dictada por el Tribunal de Apelaciones.

Contando con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver la controversia de autos sin trámites ulteriores.[1]

                                  II

La Regla 29 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 29, dispone que cuando una parte apelante o peticionaria considere que para atender adecuadamente sus señalamientos de error ese foro debe examinar la prueba oral presentada ante el foro juzgador, esa parte podrá exponer la referida prueba mediante una transcripción, una exposición estipulada o una exposición narrativa. *Pueblo v. Carrero Rolstad,* Op. de 8 de febrero de 2016, 2016 TSPR 24, 194 DPR __ (2016). El inciso (B) de la Regla 29, *supra,* dispone que la parte apelante o peticionaria deberá someter una moción acreditando el método de reproducción de la prueba oral

---

[1] Es menester destacar que el 18 de julio de 2016 South American Restaurants Corp. H/N/C Sarco Chicken compareció ante nos mediante una Moción Informativa. En esta certificó que en esa misma fecha envió copia de la transcripción a la representación legal del Sr. Pedro Pabón Reyes.

que utilizará dentro de un término de diez (10) días contados a partir de la presentación del escrito de apelación. Sin embargo, la referida Regla le concede discreción al foro apelativo intermedio para determinar el método que mejor propicie la rápida resolución de la controversia.

La Regla 76 del precitado cuerpo reglamentario reconoce dos (2) métodos para elevar la prueba oral: mediante un transcriptor autorizado o por estipulación. En su inciso (C) esta Regla dicta el procedimiento a seguir cuando la transcripción de la prueba es por estipulación y en lo pertinente a la controversia ante nuestra consideración dispone lo siguiente:

(C) Transcripción estipulada

Previa autorización del Tribunal, el proponente podrá utilizar la grabación realizada con su propia grabadora o la regrabación de los procedimientos y preparar una transcripción, la cual podrá presentarse como la trascripción de la prueba oral, si la parte apelada o recurrida estipula que dicha transcripción es una reproducción fiel de la prueba oral.

[…]

(E) Las transcripciones se prepararán y presentarán en la Secretaría del Tribunal de Apelaciones dentro del plazo ordenado por este. Será obligación de la parte proponente suministrar copias de la transcripción de la prueba oral a todas las demás partes dentro del mismo plazo. Este plazo será prorrogable sólo por justa causa y mediante moción debidamente fundamentada.

Como puede observarse, el inciso (E) de esta Regla le reconoce discreción al Tribunal de Apelaciones para fijar

los plazos de cumplimiento, ello conforme con el eficiente trámite apelativo y el derecho de las partes. *Pueblo v. Carrero Rolstad, supra.*

A la luz de este crisol estatutario y jurisprudencial, pasemos a disponer de la controversia ante nuestra consideración.

## III

Según intimado, la controversia de autos nos encomienda determinar si el Tribunal de Apelaciones incidió al emitir la sentencia recurrida sin el beneficio de la transcripción de la prueba vertida en el procedimiento ante el foro primario. Como discutiremos a continuación, y en armonía con el marco jurídico antes reseñado, concluimos que el foro apelativo intermedio procedió de forma irrazonable y, por consiguiente, abusó de su discreción.

Conforme vimos en la anterior exposición de derecho, la Regla 76 del Reglamento del Tribunal de Apelaciones, *supra,* le reconoce discreción al foro apelativo intermedio para fijar el término dentro del cual una parte proponente debe completar y presentar en la Secretaría de ese foro la transcripción de la prueba oral. Este Tribunal ha definido "discreción" como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Pueblo v. Ortega Santiago*, 125 D.P.R. 203, 211 (1990). No obstante, esa discreción judicial no es absoluta y "está inexorablemente ligada a nociones de

razonabilidad, según el contexto particular en el que ésta se ejerza". *Pueblo v. Carrero Rolstad, supra.; García v. Padró*, 165 DPR 324, 335 (2005). De modo que, "aquella determinación discrecional que transgreda ese marco de razonabilidad constituirá un abuso de discreción". *Pueblo v. Carrero Rolstad, supra.*

A pesar de la diligencia exhibida por la representación legal de South American quien compareció oportunamente en múltiples ocasiones para manifestar que la transcripción de la prueba no había podido ser completada debido a que el foro primario aún no le había entregado la regrabación de los procedimientos, el foro apelativo intermedio optó por no concederle prórroga alguna a la parte peticionaria. En su sentencia el Tribunal de Apelaciones erróneamente expone que le concedió un término extendido a South American para presentar la transcripción de la prueba estipulada. Apéndice, pág. 156. No obstante, un estudio del expediente de autos devela que ello no ocurrió.

Si bien es cierto que la Regla 76, *supra,* le concede discreción al foro apelativo intermedio para otorgar los términos correspondientes para presentar una transcripción estipulada, ese poder no puede utilizarse arbitrariamente para penalizar a una parte que ha sido diligente. Máxime cuando el cumplimiento dentro del término provisto dependía de que el foro primario ordenara y entregara la regrabación de los procedimientos que South American se

proponía transcribir. De hecho, la representación legal de South American informó al Tribunal de Apelaciones que le era imposible reproducir la transcripción estipulada dentro del término provisto, pues tenía las manos atadas hasta tanto el foro primario iniciara el trámite correspondiente y emitiera la Orden autorizando la regrabación de la vista.

En todo momento la representación legal de South American mantuvo informado al Tribunal de Apelaciones mediante la presentación de tres (3) mociones en las cuales explicó la demora del foro primario y solicitó prórroga para presentar la transcripción. Como vimos, South American no se cruzó de brazos ante la demora del Tribunal de Primera Instancia, sino que actuó de manera proactiva ante ambos foros.

Al no conceder prórroga alguna, el propio Tribunal de Apelaciones colocó a South American en posición para incumplir con el término ordenado. Sencillamente es irrazonable pensar que una parte pueda transcribir una prueba que no tiene en su posesión. Sin ella, South American no podía acatar la Orden del Tribunal de Apelaciones dentro del término provisto. El cumplimiento de South American estaba supeditado al trámite oportuno del foro primario a los fines de ordenar la regrabación de los procedimientos. Ello no ocurrió y como vimos, la representación legal de South American fue diligente en reiterar su solicitud ante ese foro e informar al Tribunal

de Apelaciones de las dificultades para cumplir con el plazo otorgado. No obstante, para el foro apelativo intermedio las gestiones realizadas por la representación legal de South American se limitaron "a solicitar de forma despreocupada 2 prórrogas". No coincidimos.

Con su proceder, el Tribunal de Apelaciones abusó de su discreción. Erró al no concederle una prórroga a South American y emitir la Sentencia recurrida sin el beneficio de la transcripción de la prueba vertida en el procedimiento ante el foro primario.

IV

Por los fundamentos que anteceden, se expide el auto peticionado y se revoca la Sentencia emitida por el Tribunal de Apelaciones. En consecuencia, se devuelve el caso a ese foro para que lo resuelva en los méritos.

Publíquese.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo