ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JAIME MOYA DIAZ<br><br>Recurrido<br><br>V.<br><br>ABIMAEL RODRÍGUEZ MARTÍNEZ Y OTROS<br><br>Peticionario | KLCE202301379 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2021cv01442 (703)<br><br>SOBRE: ACCIDENTE DE TRÁNSITO Y OTROS |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2024.

El peticionario Abimael Rodríguez Martínez, (en adelante señor Rodríguez Martínez o peticionario), solicita que revisemos una resolución en la que el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de Caguas, denegó la solicitud de desestimación. A pesar de habérsele solicitado la comparecencia ante este foro, el señor Jaime Moya Díaz (en adelante señor Moya Díaz o recurrido) no presentó recurso en oposición, por lo que resolvemos sin el beneficio de su comparecencia.

**I.**

Los hechos esenciales para comprender la decisión que hoy tomamos se detallan a continuación. El 18 de diciembre de 2019, a eso de las 9:15am, la señora Alma Noemí Armenteros Pla (en adelante, señora Armenteros Pla) se encontraba detenida por un desperfecto de su vehículo en el área del paseo de la carretera PR-52 a la altura del kilómetro 17.4. El señor Rodríguez Martínez transitaba por dicha área y realizó un cambio indebido de carril, impactando a la

señora Armenteros Pla que resultó muerta a causa del impacto. El peticionario enfrentó un proceso criminal en su contra por violentar el Art. 5.07 (c) de la Ley Núm. 22-2000, 9 LPRA sec. 5127, también conocida como "Ley de Vehículos y Tránsito de Puerto Rico". A estos efectos, el señor Rodríguez Martínez se declaró culpable mediante una alegación pre-acordada y la acusación fue reclasificada a modalidad menos grave con una pena de tres años de probatoria.

El señor Moya Díaz fue esposo de la señora Armenteros Pla. Reclamó mediante acción civil, daños y perjuicios, sufridos a causa de la muerte de su esposa, lucro cesante y gastos fúnebres. Según alega el señor Moya Díaz, el 13 de octubre de 2020, el representante legal del señor Rodríguez Martínez, el licenciado José A. Velázquez Grau, le indicó a su representante legal y a él que tenían "intenciones de llegar a un acuerdo extrajudicial para no tener que recurrir a los tribunales. Que, si en alternativa iban a presentar acción en contra de estos, le presentaran una carta extrajudicial".[1] Así las cosas, el 16 de diciembre de 2020, antes de que se venciera el término prescriptivo, la parte demandante-recurrida envió a la representación legal del demandado una carta extrajudicial con el claro propósito de interrumpir el término prescriptivo.

Cabe destacar, que el representante legal del señor Rodríguez Martínez es el mismo abogado que le representó durante el proceso criminal en su contra.

Según alega el peticionario, la demanda se presentó el 16 de junio de 2021, seis (6) meses luego de la reclamación extrajudicial enviada a su abogado.[2] La parte demandada solicitó desestimación por falta de jurisdicción arguyendo que el término prescriptivo se había extinguido, toda vez que el término para reclamar acciones por

---

[1] Véase *Oposición a moción en solicitud de desestimación por falta de jurisdicción*, págs. 24 a 28 del apéndice del recurso.
[2] Véase Demanda, págs. 1 a 4 del apéndice.

daños y perjuicios es de un (1) año, y en este caso, había transcurrido dicho término.

Por su parte, el señor Moya Díaz se opuso a la desestimación. Imputó al representante legal del peticionario falta de sinceridad y honradez, pues sostuvo que había sido este mismo quien le había pedido al demandante y a su representación legal que dirigieran la reclamación extrajudicial a él mismo. Afirmó que, a base de dicha representación, cumplió con enviar la carta según intimado. Incluso aseveró que el representante legal del peticionario hizo acuse de recibo de la carta e indicó que estaba en conversaciones con el demandado y su familia para llegar a un acuerdo extrajudicial.[3] Trabada la controversia, el foro primario declaró la solicitud de desestimación sin lugar. Razonó que el término prescriptivo para radicar la acción fue interrumpido, mediante la comunicación extrajudicial enviada por el abogado del señor Moya Díaz al representante legal del peticionario. Además, le impuso al peticionario una sanción de $250 por concepto de honorarios de abogado por presentar una solicitud de remedio improcedente.[4]

Luego de haber solicitado la desestimación del caso y la reconsideración de la moción de desestimación, la parte peticionaria recurre inconforme ante este Tribunal. En esencia, argumentó:

> **Erró el Honorable Tribunal de Primera Instancia, cometió error manifiesto en derecho y abusó de discreción al reiterar su jurisdicción sobre la controversia de marras, a pesar del patente incumplimiento de la parte demandante con los términos y formalizades exigidas para el perfeccionamiento de una reclamación extrajudicial.**

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una

---

[3] Véase, *Oposición a moción en solicitud de desestimación por falta de jurisdicción*, págs. 24 a 28 del apéndice.
[4] Véase, Resolución, pág. 51 del apéndice.

decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491; *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020); *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil. Advertimos que esta Regla ha sufrido modificaciones a través del tiempo para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso.

En la actualidad, la Regla 52.1 de Procedimiento Civil específicamente dispone que el recurso de *certiorari* solamente será expedido:

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.
>
> No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.
>
> 32 LPRA Ap. V, R. 52.1.

Superado el análisis al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* el foro apelativo deberá auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para guiar su discreción al intervenir con la resolución u orden interlocutoria recurrida. La Regla 40 dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B R.40

**B.**

Los tribunales apelativos actuamos, esencialmente, como foros revisores. Nuestra tarea principal es examinar cómo los tribunales de primera instancia aplican el derecho a los hechos particulares de cada caso. Como norma general, debemos aceptar sus determinaciones de hecho, la credibilidad adjudicada a los testigos y el valor probatorio dado a la prueba desfilada. **Esta norma es aplicable salvo que, en la actuación del juzgador de los hechos, haya mediado pasión, prejuicio o parcialidad o incurrido en un error manifiesto**. No obstante, las conclusiones de derecho de los foros de instancia son

totalmente revisables por los foros apelativos. *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-771 (2013). (Énfasis suplido).

La discreción se define como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Custodio Colón,* 192 DPR 567, 588 (2015). Esta discreción no es absoluta, ya que está inexorablemente ligada a nociones de razonabilidad, según el contexto particular de la situación en la cual es ejercida. Una determinación discrecional que transgrede el marco de la razonabilidad constituye un abuso de discreción. *Pueblo v. Carrero Rolstand,* 194 DPR 658, 667-668 (2016); *García Morales v. Padró Hernández,* 165 DPR 324, 334-335 (2004).

### C.

El Art. 1802 del Código Civil de 1930, 31 LPRA ant. sec. 5141,[5] dispone que aquel que cause un daño a otro por culpa o negligencia, deberá repararlo. Por otra parte, el Art. 1868 del Código Civil de 1930, 31 LPRA ant. sec. 5298, establece que las acciones de daños y perjuicios por culpa o negligencia a las que se refiere el Art. 1802, *supra,* cuentan con un término prescriptivo de un (1) año. Por lo tanto, de no interrumpirse este plazo, la causa de acción para exigir la referida responsabilidad civil prescribe al transcurrir un (1) año desde que lo supo la persona agraviada. *Vera v. Dr. Bravo,* 161 DPR 308, 322 (2004), *Birriel Colón v. Supermercado Los Colobos,* 2023 TSPR 120, 213 DPR __, 2023.

Como es conocido, la prescripción extintiva es una figura de derecho sustantivo que extingue el derecho a ejercer cierta causa de acción por la inacción de una parte durante un tiempo determinado. *Nevárez Agosto v. United Surety et al.,* 209 DPR 346, 356 (2022); *Cacho González et al. v. Santarrosa et al.,* 203 DPR 215, 228 (2019); *Fraguad Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 372-373 (2012).

---

[5] Se hace referencia a los artículos del Código Civil de Puerto Rico, 1930, 31 LPRA, hoy, derogado ya que constituye la normativa aplicable a la fecha de los hechos que generan esta controversia.

El propósito de este precepto jurídico es castigar la inercia y estimular el rápido ejercicio de las acciones. *Id.*, pág. 373.

Así pues, en nuestro ordenamiento jurídico, se parte de la idea de que las reclamaciones válidas se ejercen oportunamente, por lo que una persona no debe estar sujeta a la incertidumbre de una posible reclamación de forma indefinida y en estado de indefensión como consecuencia del paso del tiempo y la pérdida de la prueba. *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 192-193 (2016). De esta forma, se atiende la necesidad de que exista estabilidad y seguridad tanto en las relaciones jurídicas como en el tráfico jurídico. *Cacho González* et al. *v. Santarrosa* et al.*, supra*, pág. 228; *Maldonado Rivera v. Suárez y otros*, *supra*, pág. 192.

No obstante, nos enfatiza el Tribunal Supremo de Puerto Rico: "[C]on relación al receptor del acto interruptivo, el reconocido tratadista Luis Díez-Picazo comenta que "[como] regla general, los actos de interrupción de la prescripción, emanados del sujeto activo del derecho en prescripción, tienen como lógico destinatario al sujeto pasivo de tal derecho". L. Díez-Picazo y Ponce de León, *La prescripción extintiva: en el Código Civil y en la jurisprudencia del Tribunal Supremo*, 2da ed., Pamplona, Ed. Aranzadi, 2007, pág. 149. Ahora bien, "**no es discutible que [los actos interruptivos] pueden dirigirse a un representante legal o voluntario del mismo**". *Íd.* El mencionado tratadista nos dice que, para precisar si una reclamación frente a quien corresponda puede surtir efectos en cuanto a otras personas a las que no vaya expresamente dirigida, se pueden evaluar factores como: **(1) la suficiencia del esfuerzo que el interruptor debe realizar para determinar el sujeto pasivo de su pretensión, y (2) si el acto de interrupción hubiera llegado o podido llegar normalmente a ser conocido por los afectados**. *Íd.,* pág. 150. También menciona que **la buena fe constituye un criterio necesario para valorar el acto de interrupción de la prescripción en sí**

**mismo y su potencial eficacia para producir el efecto interruptivo"**. *Birriel Colón v. Supermercado Los Colobos, supra.*

El Tribunal Supremo de Puerto Rico ha reconocido que el término prescriptivo de las acciones puede ser interrumpido por: (1) el ejercicio de la acción judicial correspondiente; **(2) la reclamación extrajudicial**, y (3) el reconocimiento de la deuda por parte del deudor. Art. 1873 del Código Civil de 1930, 31 LPRA ant. sec. 5303. Véase, además, *Nevárez Agosto v. United Surety* et a*l., supra,* pág. 357. En lo pertinente a la controversia del presente caso, "**[l]os propósitos principales de una reclamación extrajudicial son 'interrumpir el transcurso del término prescriptivo de las acciones; fomentar las transacciones extrajudiciales, y notificar, a grandes rasgos, la naturaleza de la reclamación**"'. (Negrilla suplida). *Cacho González* et al. *v. Santarrosa* et al*., supra,* pág. 228 (citando a *De León v. Caparra Center,* 147 DPR 797, 803 (1999)). Asimismo, para que una reclamación extrajudicial sea efectiva debe cumplir con lo siguiente: (1) ser oportuna; (2) ser presentada por una persona con legitimación; (3) el medio utilizado para hacer la reclamación debe ser idóneo, y (4) existir identidad entre el derecho reclamado y el afectado por la prescripción. *Díaz Santiago v. International Textiles,* 195 DPR 862, 870 (2016), *Birriel Colón, supra,* a la pág. 9.

En fin, "*la prescripción no es una figura rígida, sino que la misma admite ajustes judiciales, según sea requerido por las circunstancias particulares de los casos y la noción de lo que es justo*" *Id.,* a la pág.9. "[E]**l principio de la buena fe no da lugar a la utilización del derecho a la defensa de prescripción cuando el derecho surge de omisiones de la otra parte causadas, parcial pero significativamente, por la propia conducta de la actora**". *Velilla v. Pueblo Supermarkets, Inc.,* 111 DPR 585, 588 (1981). (Énfasis

en el original). Consecuentemente, añade el Tribunal Supremo de Puerto Rico:

> "También señalamos que la doctrina de los propios actos, así como la del abuso del derecho, impedían que la parte demandada invocara exitosamente la defensa de prescripción. *Íd.* Por ende, resolvimos que las reclamaciones extrajudiciales de la parte demandante durante el proceso de negociación con los ajustadores tuvieron el efecto de interrumpir el periodo prescriptivo de la causa de acción contra la empresa demandada". *Birriel Colón, supra,* pág. 10

### III

El peticionario plantea en su único error, que el TPI cometió error manifiesto en derecho y abuso de discreción al reiterar su jurisdicción sobre la controversia de marras, a pesar del patente incumplimiento de la parte demandante con los términos y formalizades exigidas para el perfeccionamiento de una reclamación extrajudicial. Advierte, la parte peticionaria en su recurso, que es esencialmente imposible que la interrupción fuera efectiva, toda vez que él, según alega, no estaba contratado como representante legal por el señor Rodríguez Martínez al momento en que recibió la oferta de transacción extrajudicial por parte del representante legal del señor Moya Díaz.[6]

Por otro lado, el señor Moya Díaz acusa al peticionario de no acudir al tribunal con las manos limpias, sino todo lo contrario. Asevera que falta al deber de sinceridad y honradez que permea todo deber de representación legal. Esto al representarle que, su abogado para discutir cualquier reclamación extrajudicial era el licenciado José A. Velázquez Grau e inducirle a enviarle una reclamación extrajudicial y ahora este último, decir que no estaba contratado para tal encomienda. Esto a pesar de ser el representante actual del peticionario.

La naturaleza de la controversia en este caso es una que requiere examinar si se realizaron o no determinadas gestiones,

---

[6] Recurso del peticionario, pág. 12.

entonces, resulta evidente que se trata de un asunto de credibilidad. Credibilidad que debe ser dirimida con el testimonio bajo juramento de los representantes legales involucrados y las partes envueltas a la luz de lo dictaminado por el Tribunal Supremo en *E.L.A. v. P.M.C,* 163 DPR 478, 489 (2004). Hay controversias que, por su naturaleza, el factor credibilidad juega un papel decisivo para llegar a la verdad que hacen necesario la celebración de una vista para oír y ver declarar a los testigos, sopesar los argumentos de cada parte y, recibir cualquier otra prueba adicional que se considere pertinente.

A través de escritos y meras alegaciones es difícil que el foro primario haya podido reunir ante sí toda la verdad de los hechos en una controversia donde el factor credibilidad juega un papel esencial, sino el decisivo, para llegar a la verdad. No podemos olvidar que estamos ante una controversia subsidiaria de trascendental importancia para la parte demandante, toda vez que de ella depende el derecho de ésta a reclamar por la muerte de su esposa, producto de actos negligentes y temerarios, ya aceptados por el peticionario. Si bien ninguna compensación recompensa el dolor de perder un ser querido, en cierta medida es una reivindicadora de un daño visceral.

Por último, recordamos a los representantes legales de las partes que el Cánon 10 de Ética Profesional, 4 LPRA Ap. IX, les obliga a desempeñarse en forma capaz y diligente, pero no significa que el abogado puede realizar cualquier acto que sea conveniente con el propósito de salir triunfante en las causas del cliente. La misión del abogado no le permite que, en defensa de un cliente, viole las leyes del país o cometa algún engaño. Por consiguiente, al sostener las causas del cliente, debe actuar dentro de los límites de la ley, teniendo en cuenta no sólo la letra de ésta, sino el espíritu y los propósitos que la informan.

**IV**

Por los fundamentos de previamente expresados, se expide el auto, se revoca y se le ordena al TPI que celebre una vista donde pueda dirimir credibilidad mediante el testimonio de las partes y sus abogados. Además, dejamos sin efecto la sanción impuesta, hasta tanto el foro recurrido celebre la vista para dirimir credibilidad.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones